SPENCER *v.* JOHNSON.

1. INTOXICATING LIQUORS—EVIDENCE—DAMAGES—PAIN AND SUFFERING.

Evidence of pain and suffering experienced by plaintiff's husband was inadmissible for the purpose of showing his condition and inability to work, in an action brought by the wife against certain liquor dealers for unlawful sales resulting in injury and disability to such husband.

2. SAME—SUPPORT—EVIDENCE

And it was erroneous to admit evidence that he had sold his cow, horse, and farm to support his family during his disability.

3. SAME.

Testimony that he had borrowed money for their support was competent, but its effect should be limited to the question of the length of time during which lack of support might be expected to continue.

4. SAME—HUSBAND AND WIFE—SERVICES OF MARRIED WOMAN.

It was proper, also, to admit evidence of the value of the wife's services in nursing him during his illness.

5. SAME—INDEBTEDNESS.

Indebtedness of plaintiff's husband for borrowed money and medical attention should be taken into consideration only for the purpose of determining the length of the period during which plaintiff would probably be deprived of her customary support.

6. SAME—FUTURE DAMAGES—EVIDENCE.

Although the mortality tables were not introduced in evidence, there was no error in leaving to the jury the question of plaintiff's future damages, the husband's injuries not being permanent; the testimony as to his age, physical condition, habits, etc., and plaintiff's age and appearance, constituted a sufficient basis for the finding.

7. SAME—DAMAGES—EXEMPLARY DAMAGES.

Nor did the court err in reading to the jury the statute on which plaintiff's action was based, where he did not leave the question of exemplary damages to the jury in his charge.

8. TRIAL—ARGUMENT—ABSENCE OF COURT.

While it may not constitute reversible error for the trial judge to absent himself from the bench during argument of counsel, the practice is not commendable.

Error to Montcalm; Davis, J. Submitted April 10, 1913. (Docket No. 27.) Decided July 9, 1913.

Case by Myrtle Spencer against Peter Johnson and others for unlawful sales of intoxicating liquor to plaintiff's husband. Judgment for plaintiff. Defendants bring error. Reversed.

*N. O. Griswold, Charles L. Rarden,* and *A. F. Bunting,* for appellants.

*R. A. Hawley,* for appellee.

BROOKE, J. This is an action for damages brought by the wife of an alleged habitual drunkard against four saloon keepers and the surety upon their several bonds.

As a result of the alleged illegal sales, John M. Spencer, the husband, became intoxicated, and while in that condition attempted to board a moving train in the city of Greenville, Montcalm county. Through some misadventure, not clearly shown in the record, he was drawn under or partially under the train, and suffered physical injuries of a more or less serious character, including a very severe scalp wound and a possible fracture of the skull. As a result Spencer was confined in a hospital for 39 days, and it is claimed that his physical ability to labor and earn money for the support of the plaintiff has become seriously impaired, though there is no evidence that such impairment is permanent in character. The record shows, however, that from the date of the accident to the date of the trial, a period of more than one year, Spencer was unable to perform any hard labor, but was forced to confine himself to the performance of chores and work of a light or occasional character. He had been, according to his own testimony, a heavy drinker of intoxicating liquors for more than 15 years, getting drunk as often as once a week usually, and always as often as opportunity afforded and he had money with which to purchase liquor to gratify his appetite. He testified that on the day of his injury, March 9, 1910, he purchased from each of the defendant saloon keepers one or more drinks of whisky. Each defendant by himself or his bartender denied that any intoxicating liquor was sold to Spencer on the day in question. The jury, however, to whom this question was fairly submitted, brought in a verdict against all defendants in the sum of $2,550.

Many errors are assigned by defendants, which may be grouped under two heads: (1) In the admission of certain testimony; (2) in erroneously charging the jury.

The court permitted Spencer, over objection, to

give evidence at length of the pain and suffering he had endured as a result of the injury. In the charge the court attempted to limit the effect of this testimony by the following instruction:

"Some testimony has been received here in regard to the pain he has suffered, the suffering he has experienced. She is not to be remunerated for that, but it was received for the purpose of bearing upon his earning ability or power to work and bearing upon his condition. What has been his condition since the injury? What is his condition now? What is the probability about its continuing? So that his condition, suffering, pain, and weakness has been laid before you for the purpose of aiding you in determining the extent of his injury, the extent to which she has been deprived of her support, the extent to which she has suffered any loss of property that would otherwise belong to her and be retained by her had it not been for the sacrifice she would have to make owing to this injury received by her husband."

We are satisfied that the admission of this testimony was prejudicial error. The question of Spencer's physical condition after the injury as bearing upon his ability to perform labor was one entirely proper for inquiry, but it could, and should, have been ascertained without a history of his pain and suffering which afforded no basis for plaintiff's recovery, and which could scarcely fail to influence the verdict of the jury.

Evidence was admitted that Spencer, after the injury, had sold his cow, horse, and his equity in a 10-acre farm, had borrowed several hundred dollars, and had used this money, together with the avails of his sales, toward the support of his family, including plaintiff. Evidence also was admitted that the doctor's bill, amounting to $484, was unpaid. It is strenuously urged upon the part of defendants that all this testimony was inadmissible. We think the testimony relative to the sale of his property was

erroneously admitted. We cannot say that evidence relative to his indebtedness had no legitimate bearing upon the issue, but its effect upon the deliberations of the jury should have been carefully guarded. Plaintiff has a right in this action to recover damages for injury to her "person or property or means of support or otherwise." She gave testimony tending to show that prior to Spencer's injury she had been accustomed to receive support from him of the annual value of $200, which since the injury had been withdrawn. This evidence (if believed) afforded a legal basis to the jury for the computation of their verdict; the only other element necessary being the length of time during which such failure to support would continue. While the plaintiff was not entitled to recover any of the sums of money represented by her husband's debts as a substantive part of her verdict, the fact that he was indebted at the time of the trial as a result of his injury was pertinent as bearing upon the length of time during which the alleged accustomed support would probably be withdrawn from plaintiff.

Evidence was admitted of the value of plaintiff's services in assisting to nurse Spencer while he was in the hospital. This testimony was admissible under the authority of *Thomas* v. *Dansby*, 74 Mich. 398 (41 N. W. 1088). Upon the question of the measure of damages the court charged:

"*Sixth.* In arriving at your verdict as to the amount of plaintiff's damages, in case you find she is entitled to recover, it is your duty to take into consideration the amount of money which the said Spencer is shown to have been able to earn prior to March 9, 1910, and the amount of money which he is shown to have contributed prior to that date for the support and maintenance of said plaintiff, and the amount which he has been able to contribute since that time for her support and maintenance; also the

amount of the charges of the physician for his services in the care and treatment of said Spencer and the expense of nursing said Spencer, including the extra services required of said plaintiff in caring for and nursing him at the hospital, also the hospital bill and charges for supplies in his treatment; also the property that has been sold and the proceeds thereof used in the support of the plaintiff and family since that injury and the amounts of money borrowed by said plaintiff and said Spencer, and which is still owing and unpaid, not as fixing absolutely the amount which she has already been damaged, but as bearing upon the question as to the amount that she has been injured in her property and in her support up to the present time. Also you have the right, and it is your duty, to ascertain and determine how much damage she will suffer in the future by reason of injury to her property and means of support by reason of any effects of said injury to said Spencer that you may find was occasioned by his said intoxication and for such time in the future as you may determine that he will suffer from and be disabled by such injury."

That portion of the foregoing excerpt beginning with the words "also the amount," etc., and ending with "up to the present time" is in our opinion subject to just criticism. The value of plaintiff's services in nursing her husband was a proper element to be considered by the jury.

As the evidence of the sale of his property by Spencer and the use of the money thus obtained to support his family was improperly admitted, it follows that the jury should not have been permitted to consider those facts. And consideration of the fact that he was indebted to the doctor and for borrowed money should have been permitted only so far as it bore upon the length of time plaintiff would probably be deprived of her support.

Defendants urge that the last paragraph of the instruction quoted *supra* is erroneous because of the

fact that the mortality tables were not introduced, and therefore there was no evidence in the case from which the jury could determine the amount of future damages. The mortality tables are not conclusive evidence upon the question of the duration of life. Without them the jury still have other facts in the case. They have the age both of the plaintiff and her husband. They have a history of the husband's physical condition and habits, and they have the benefit of an actual observation of both the plaintiff and her husband. Upon these facts and this observation the jury may base their finding. 4 Elliott on Railroads, § 1813, and cases cited.

It is urged that the court erroneously submitted the question of exemplary damages to the jury. It is true that in delivering his charge the court read the statute which provides for the recovery of such damages. When instructing the jury upon the measure of damages, however, no mention was made of "exemplary" damages. It is, we think, clear that such damages were not allowed by the jury.

Much argument is devoted by counsel for defendants to the question of alleged improper comment to the jury on the part of plaintiff's counsel in his closing argument. It appears that the argument was made in the absence of the court and stenographer, and therefore no ruling or exception thereon is included in the record. Of course, we can pay no attention to the point except again to emphasize what we have so frequently reiterated—that counsel should present their claims to juries fairly and without appeals to passion or prejudice. This record, however, presents a situation which we believe calls for comment. Without determining that it is reversible error for the presiding judge to absent himself from the bench during argument of counsel, we have no hesi-

tation in saying that the propriety of such a course is questioned, and its practice not to be commended.

The judgment is reversed, and a new trial ordered.

MOORE, MCALVAY, STONE, and OSTRANDER, JJ., concurred with BROOKE, J. STEERE, C. J., and KUHN and BIRD, JJ., concurred in the result.