TRUDELL v. PEARLL.

1. TRIAL—REPLEVIN—PERMITTING LIST OF ARTICLES TO GO TO JURY ROOM.

In replevin, where a long list of articles of household furniture and other property was involved, and there was sharp conflict in the testimony as to the ownership of them, it was not error for the trial judge, without the knowledge or consent of plaintiff's counsel, to send to the jury room, at the request of the jurors, an inventory attached to the bill of particulars containing a complete and correct list of said articles.

2. NEW TRIAL—IMPEACHING VERDICT—AFFIDAVITS OF JURORS.

On motion for a new trial, the trial judge properly refused to consider the affidavits of jurors, impeaching the verdict, as to matters happening outside of the jury room.

3. TRIAL—RECEPTION OF VERDICT BY CLERK—ABSENCE OF JUDGE—IRREGULARITY.

Although it was irregular for the clerk to receive the verdict of the jury, in the absence of the judge, at the latter's instruction, without consent of counsel, it will not therefor be held void, on error, where the Supreme Court is not satisfied that any different result would have been reached if the judge had been present when the verdict was taken.

Error to Bay; Houghton (Samuel G.), J.    Submitted June 9, 1922.    (Docket No. 58.)    Decided July 20, 1922.    Rehearing denied November 2, 1922.

Replevin by Noah Trudell against Iza Pearll for the possession of certain household goods.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*Kinnane, Black & Leibrand,* for appellant.

*Robert H. Lane,* for appellee.

MOORE, J.   Counsel state the questions involved are:

"(1) The refusal of the court to set aside the so-called verdict of the jury entered by the clerk in his absence, without his direction and without making any provision for a sealed or private verdict.

"(2) The error of the court in furnishing a jury after they had retired and in the absence of counsel for plaintiff and without their knowledge and consent a bill of particulars and the officers' return and under circumstances that indicated gross irregularity in the passing of papers between the jury and counsel for the defendant at the time that the alleged verdict was taken by the clerk.

"(3) Depriving the plaintiff of the opportunity to poll the jury.

"(4) The refusal of the court on the motion for a new trial to consider the affidavits of the jurors as to matters happening outside of the jury room.

"(5) The charge of the court in some particulars alleged to be wrong and the ignoring of the jury of the charge of the court in other particulars claimed to be right."

The plaintiff replevined from the defendant a quantity of household furniture and other property inventoried at $1,240.50.   The defendant is the plaintiff's stepchild whom he legally adopted during the lifetime of plaintiff's second wife who was the defendant's mother.   It was the claim of the plaintiff that all of the property replevied with the exception of a few minor articles taken by the officer by mistake was property owned by him.   It was the claim of the defendant that she owned all of the property which was taken by the officer.   Some of it as a gift from the plaintiff, some of it as a gift from her mother, some of it as given to her as wedding presents, she has been twice married, and some of it by actual purchase by her.   This is the second trial of the case.   The jury in this trial returned a verdict of not guilty as to about one-half of the articles taken by the writ of replevin.   A motion was made for a new

trial for various reasons, the chief ones being the claim:

(1) Because papers and records containing lists of articles whose ownership was greatly disputed by a large amount of evidence on each side, were permitted to be taken to the jury room without the knowledge or consent of counsel for plaintiff.

(2) Because the clerk during the recess of said court, in the absence of the judge and counsel for plaintiff, communicated with the jury, had them brought from the jury room into the court room, questioned them about their deliberations and assumed to take a verdict from said jury, the alleged verdict so taken being the record plaintiff hereby asks to have set aside.

(3) That the action of the clerk in communicating with the jury in the absence of the judge and of counsel for plaintiff and without their knowledge or consent and assuming to take the verdict of said jury and to discharge said jury from further consideration of the case without counsel or plaintiff having an opportunity to poll the said jury was and is without authority in law and wholly void."

Among the affidavits filed in support of the motion were the affidavits of two of the jurors in which it was claimed that one of them was ill and did not agree to the verdict, and that if the jury had been polled he would not have consented to the verdict.

As to the other juror, we quote from the brief:

"That the verdict agreed upon was a compromise verdict and that deponent had afterwards informed the foreman of said jury that he had made a mistake in announcing a verdict of 'not guilty.' This juror further states that when the jury was brought to the court room before the clerk of the court the foreman of the jury handed a paper to the clerk containing writing, that said clerk permitted defendant's attorney to examine said paper which was then handed back to the clerk, after which the verdict of the jury was taken by the clerk and the jury discharged by said clerk from further consideration of the case, upon which the jurors dispersed."

These affidavits were contradicted by other jurors, including the foreman of the jury, and in the most positive terms by the attorney for the defendant, and by the clerk of the court. In overruling the motion for a new trial the judge said in part:

"In plaintiff's brief two questions of law are argued, alleging the same to be such as to constitute reversible error. The first is that it was error for the court to permit the jury to have the inventory filed in said cause, and second that it was error for the clerk to take the verdict of the jury in the absence of the presiding judge. * * *

"In their deliberations they asked the court for the bill of particulars, as before stated, explaining that it was the paper containing the lists of articles involved in the suit, this being the inventory which was attached to the other paper in the files, which was detached from all other papers and given by the officer to the jury for use in their deliberations. It would be unreasonable to expect the jury to remember the long list of articles mentioned in the inventory. If the jury had reached a conclusion that a portion of the property belonged to each of the parties, in order to specify the articles each was to have it was not only convenient but necessary that they have a list of the articles involved and plaintiff could not have possibly been prejudiced in this regard, and this practice is clearly approved in the cause of *Silverstone* v. *Assurance Corp.*, 187 Mich. 342.

"The second proposition is to the effect that the clerk of the court communicated with the jury, received the verdict and discharged the jury without the presence of the presiding judge was error and that the judgment was taken unlawfully and is a nullity. This proposition presents the only question in the motion for serious consideration. Counsel on both sides have presented a number of affidavits taken from jurors who tried this case, which in effect tends to impeach the verdict rendered by them on the trial. Such affidavits should not have been taken and should not be considered by the court. * * *

"During the September term when this case was tried, the court being engaged with a large volume

of business for one court term, in a few instances with the consent of the attorneys permitted the clerk to take the verdict of the jury.    On this occasion the court was unavoidably absent, did not feel justified in holding the jury for some considerable time after they had reached a verdict, and instructed the clerk to take the verdict, which is all that was done in this instance, and was done in the regular manner.  *  *  *  The objection or assignment of error in this particular is extremely technical.   Neither by proper affidavit or claim on the motion for a new trial was anything done in this particular in any way to prejudice or injure plaintiff; no allegation or statement anywhere showing in what manner plaintiff claims to have been prejudiced or injured by such irregularity, resting his argument on said reason for a new trial simply that it was prejudicial error for the clerk to take the verdict without the trial judge being present.  *  *  *  While the rights of litigants should not be jeopardized or destroyed by irregular procedure, where no prejudice or miscarriage has resulted statutory provisions have been enacted to protect such rights of litigants, and are particularly set forth in the so-called judicature act, Cummins & Beecher publication, sections 1885, 96, 601, 605 (3 Comp. Laws 1915, §§ 13763, 12478, 12482), and our Supreme Court have somewhat analyzed this situation in *Miller* v. *Young,* 196 Mich. 276.'"

There was a long list of articles involved in the litigation.    There was a sharp conflict in the testimony about the ownership of them.    There was no dispute about the inventory covering the complete list of the articles involved.    It was not error to send this inventory to the jurors.  *Bethel* v. *Linn,* 63 Mich. 473; *Tubbs* v. *Insurance Co.,* 84 Mich. 654, 655; *Farrell* v. *Haze,* 157 Mich. 379; *Silverstone* v. *Assurance Corp.,* 187 Mich. 342; *People* v. *Onesto,* 203 Mich. 497.

The judge was not wrong in declining to consider the affidavits of the jurors.   See *In re Merriman's Appeal,* 108 Mich. at pp. 462, 463.   If he had considered all the affidavits we have no doubt he would

have found the version of the clerk of the court was the true version, so that we are confronted with the proposition of whether a new trial should be granted simply because the trial judge was absent when the verdict was taken, counsel for the plaintiff not having been advised of his absence or of the taking of the verdict until after it was taken and the jury discharged.

This precise question has not been before this court. The question of the effect of receiving a verdict in the absence of the judge when there was a misunderstanding on the part of counsel as to what was to be done was considered at very considerable length by Justice STEERE, in *Miller* v. *Young,* 196 Mich. at p. 282 *et seq.,* and it is not necessary to repeat what was said there. In that case it was held that the verdict though irregular was not void. In the instant case we have no doubt the trial judge and the clerk of the court acted in the utmost good faith. We are not prepared to say that in every case this would save the verdict, for we think that unless the circumstances are exceptional, or counsel have agreed to the absence of the judge, that he should be present when the verdict is taken. In the instant case there was a sharp conflict in the claim of the parties and in the testimony in support thereof. Fully as many witnesses sustained the contention of the defendant as supported the claim of the plaintiff. We are not satisfied that any different result would have been reached if the judge had been present when the verdict was taken. While the verdict is irregular we do not think it should be held void.

We have considered the other assignments of error but think it unnecessary to discuss them.

The judgment is affirmed, with costs to the appellee.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.