(No. 16139.—Reversed and remanded.)

THE CITY OF WEST FRANKFORT, Appellant, *vs.* A. C. MARSH LODGE No. 496, I. O. O. F., *et al.* Appellees.

*Opinion filed December 16, 1924.*

1. SPECIAL ASSESSMENTS—*what question is improper as bringing out the ultimate fact in issue.* On a trial of the question of benefits resulting from a supplemental assessment, witnesses should not be asked to state whether the property "has been increased in market value more than the original assessment," as such question requires an opinion as to the ultimate fact in issue.

2. SAME—*what is not a waiver of objection to question.* On a trial of the question of benefits, where counsel's objection to the form of a question as eliciting the opinions of the witnesses upon the ultimate fact in issue is overruled and the court intimates that such examination will be allowed, the fact that counsel who made the objection afterwards asked the same question of its witnesses will not constitute a waiver of an assignment of error on the court's ruling.

3. SAME—*persons acquainted with property may give opinions of value.* On a trial of the question of benefits all persons who are acquainted with the property and have opinions of its value may give their opinions to the jury, together with their knowledge of the property and the facts on which the opinions are based.

4. SAME—*jury should not be permitted to take objections to jury room.* On a trial on the question of benefits the jury should not be permitted to take to the jury room the objections which were filed to the confirmation of the assessment, and although such is done inadvertently and not by order of court it constitutes error, as the jury are apt to believe they were permitted to consider the objections in arriving at their decision.

5. TRIAL—*what writings should never be taken to jury room.* It is error to permit the jury to take with them for consideration in the jury room, depositions or any written statements or declarations depending for their value on the credibility of the maker.

6. SAME—*verdict may be set aside for improper argument.* Improper conduct of an attorney in making, in his argument to the jury, unjustifiable statements not based on the evidence is ground upon which a verdict may be set aside.

7. SAME—*judge should not leave court room without suspending proceedings.* The actual personal presence of the judge at all times when business is being transacted is an essential element in the constitution of the court, whether the business be empaneling

the jury, taking evidence, argument of the case, or any other business which must take place in open court, and the judge should not leave the court room while any such judicial business is being transacted unless such business is suspended and the court takes a recess.

8. SAME—*attorney's affidavit as to what occurred in absence of judge cannot be considered on review.* An attorney's affidavit that during the temporary absence of the judge from the court room the opposing counsel used highly prejudicial and improper argument cannot be considered on review, and the trial court cannot certify in the bill of exceptions to what occurred in his absence but can only certify to his absence, and anything done at that time is *coram non judice.*

APPEAL from the County Court of Franklin county; the Hon. SIDNEY M. WARD, Judge, presiding.

FRANK E. TROBAUGH, City Attorney, W. F. ELLIS, R. J. STEPHENS, and WILLIAMS, LEWIS & COFFEY, for appellant.

W. F. DILLON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the city of West Frankfort from a judgment of the county court of Franklin county denying confirmation of a supplemental special assessment to pay the cost of a street paving improvement. The original ordinance for the improvement was passed on April 20, 1918. The assessment roll showing an assessment of $94,164.16 was reduced upon the hearing of objections, the assessment was confirmed to the amount of $81,105.49, and the improvement was constructed. A certificate by the board of local improvements of the completion of the work was modified, upon a hearing, to show the cost of the improvement to be $101,346.03, and as modified was approved. On September 18, 1922, the city council passed the ordinance which is the basis of this proceeding, for a supplemental assessment of $25,905.26 to pay the deficiency

315—8

in the cost of construction. Certain property owners filed objections to the assessment roll, and on the trial of the question of benefits the jury returned a verdict finding none of the property of the objectors was benefited more than the amount originally assessed against it. The city moved for a new trial, which was denied. Judgment was entered denying the application for confirmation of the supplemental assessment, and the city has appealed.

J. E. Craine, the contractor who constructed the improvement, at the September term, 1921, of the Franklin circuit court had been awarded a peremptory writ of *mandamus* against the city commanding it to cause to be made, levied and confirmed upon the property benefited a supplemental special assessment, and it was in obedience to that writ that the ordinance involved in this case was passed and the proceedings for the supplemental special assessment undertaken. At the November term, 1922, Craine presented a petition stating that he believed that the mayor and other authorities of the city, or a majority of them, were adverse to his interests and really desired that the application for the confirmation of the assessment then pending should be defeated and if left alone they would give the prosecution of the application only perfunctory attention, and he therefore prayed that he might be permitted to become a joint petitioner for confirmation of the supplemental special assessment, or at least be permitted to appear in person and by counsel and advise and assist in the prosecution of the trial and hearing of the application for confirmation. The court entered an order granting the petition, but at the next term, in December, entered another order vacating the order of the November term, to which Craine excepted, and this action is assigned as error by the city of West Frankfort. Craine has not appealed, and the city cannot complain for him and has nothing to complain of on its own account.

The assignments of error on which a reversal is sought question the proceedings on the trial of the question of

benefits. The first witness called by the objectors was Sam Childers, and after some preliminary questions he was asked this question: "That lot was assessed in the original proceeding $283.21; in the supplemental proceeding, the next assessment, $105.77; state whether in your judgment that lot has been increased in market value more than the original assessment." This question was objected to, and the objection was overruled by the court with the statement, "You will be allowed the same latitude when we reach your side." The witness answered the question: "No, sir; I don't think so." The examination continued with questions and answers in substantially the same form as to a long list of lots as to which objections had been filed. Other witnesses were examined in the same way. That was the usual form of question put to the witnesses examined, and it was erroneous to permit it over the objection of the appellant. It was held in *City of Kankakee* v. *Illinois Central Railroad Co.* 258 Ill. 368, that the objection to such a question should have been sustained as it called for the determination by the witness of the ultimate fact in controversy, and it was said that witnesses could be properly called upon to give an opinion as to the amount the property was benefited but not to determine the whole issue. In *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11, witnesses were asked whether or not the property of the appellant would be benefited the amount of the assessment, which, it was said, was the ultimate fact to be determined by the jury, and it was held that an objection to the question should have been sustained and the witnesses should not have been allowed to give an opinion as to the ultimate fact. Here the great bulk of the testimony was obtained by questions asked in this form and the evidence so obtained was incompetent.

In replying to this assignment of error the appellees say that the appellant complains of the infraction of rules which its counsel violated, and that practically all of the

witnesses for the appellant were asked the identical question as to whether the properties were benefited the amount of the assessment and each one of such questions was answered yes. This would have been a good answer for the appellant to make if it had been the appellees who were assigning the error, but it is no answer where the appellant first made the objection to the appellees' examination and the court overruled the objection. Counsel for the appellant under those circumstances could not help themselves. The evidence was admitted, contrary to law, throughout the examination of the appellees' witnesses, and the fact that the appellant submitted to the view expressed by the court as to the method of trial and examination of witnesses was no waiver of its objection. It had a right to try the case in the manner which the court had decided was right, without waiving its objection to the fact that it was wrong. In *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 98, the appellant objected to the court's permitting witnesses to answer questions of ultimate fact. It appeared, however, that the appellant asked of several witnesses whether in their opinion its property would be benefited $1637.70 by the construction of the proposed improvement, and it was held that if objection had been made to the appellant's question it should have been sustained, but that having been the first to adopt this method of examination the appellant could not complain that the appellee followed the same course.

Objection was made to the testimony of a number of witnesses that they were not qualified to express an opinion as to the value of property and the amount of benefits. The witnesses were the owners of property affected by the improvement. They stated that they were acquainted with the property about which they testified and then were permitted to express their opinions as to its value and the amount of benefits. This was proper. The objection went only to the weight of their testimony. All persons who

are acquainted with property and have opinions as to its value may give their opinions to the jury together with their knowledge of the property and the facts upon which the opinions are based. *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231 ; *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 id. 413.

Upon the retirement of the jury to consider their verdict the objections which had been filed to the confirmation of the assessment were given to the jury and were in their possession during their deliberations. This was done inadvertently but without the knowledge or consent of the appellant. It was error to permit this. The objections purported to be made not only by the property owners engaged in the trial but by others who did not participate in the trial and were not prosecuting their objections, and they contained allegations of an extremely prejudicial character upon which evidence in the trial for benefits was not competent, but these things were stated in the objections and ought not to have been submitted to the jury to affect their deliberations on their verdict. Some of the objections so taken with them by the jury to their room were:

(5) "The alleged deficiency for which the supplemental assessment is levied has been paid.

(6) "The contract for the improvement was not let to the lowest responsible bidder.

(9) "The ordinance providing for the supplemental assessment, and the assessment, are illegal and void for the reason that the estimated deficiency exceeds ten percentum of the original estimate, and no public hearing was had upon the supplemental assessment, as required by section 59 of the Local Improvement act.

(10) "The alleged deficiency, and the assessment therefor, are not for the payment of the cost of the improvement but for the purpose of raising money for other and illegal purposes.

(12) "The petition and ordinance are for a supplemental assessment to pay an alleged deficiency in the cost of an improvement based upon an illegal contract."

It has been held to be error to permit the jury to take with them for consideration in the jury room depositions or dying declarations. (*Rawson* v. *Curtiss,* 19 Ill. 455; *Dunn* v. *People,* 172 id. 582.) The same rule applies to confessions or other instruments of evidence depending for their value upon the credibility of the maker. (*People* v. *Spranger,* 314 Ill. 602.) The objections were not instruments of evidence and they were not permitted to go to the jury for consideration in their deliberations, but they were highly colored statements of fact concerning the matter which was the subject of investigation, made in the names of parties interested and carrying such weight as the individual jurors might be inclined to give them. Although they were not sent to the jury room by an order of the court, over the objection of the appellant, they were in the jury room and the jury had possession of them. The jury naturally would believe that they were permitted to have them to assist them in their deliberations. They were prejudicial in their nature, and it is not for the court to speculate as to whether actual injury resulted to the appellant or not.

The appellant made a motion for a new trial, and afterward, by leave of the court, filed an amended motion in which were set out further reasons for granting the new trial. The appellees subsequently moved to strike the amended motion from the files, and the court did make an order striking the ninth, tenth, eleventh and twelfth grounds from the record. The tenth reason set out in the amended motion for a new trial was the making of improper and highly prejudicial remarks, concerning matters wholly outside of the record, by the attorney for the objectors in his closing argument to the jury during the temporary absence of the presiding judge from the court room. It was

supported by an affidavit of the city attorney that the appellees' attorney made a number of statements in his final argument to the jury during the temporary absence of the judge from the court room, which were set out in the affidavit and were of a character highly prejudicial to the appellant; that upon being recalled to the court room because of the objections to and protest against these statements, the judge promptly sustained the objections to such portions of them as were repeated to him. The improper conduct of an attorney in his argument to the jury, unjustifiable argument and statements not based on the evidence are grounds upon which a verdict may be set aside, and the court should not have stricken from the files the tenth ground of the motion for a new trial. The attorney's affidavit as to this occurrence, however, was properly stricken, for it related to a matter of which the judge had personal knowledge. If the judge left the court room during the argument he knew it and could certify to the fact. No affidavit was necessary to show it. The presence of a judge is an essential element in the constitution of a court, and this means his actual personal presence at all times when business is being transacted, participating by his presence, at least, in the business of the court, whether the empaneling of a jury, the taking of evidence, the argument of the case, or any other thing which must take place in open court. The judge should not leave the court room while an argument to the jury is in progress or any other judicial business is in process of being transacted. Should there be a necessity for his absence, the business should be suspended and the court should take a recess. If the judge departs from the court room, anything which may be done in his absence is *coram non judice.* He cannot certify to it in the bill of exceptions because he cannot know about it, but if he was absent he can certify to that fact in the bill of exceptions, and it is his duty to do so if asked. Here the bill of exceptions makes no statement on the sub-

ject. The affidavit of the attorney cannot be considered and it must be assumed that no such thing occurred.

For the error in admitting evidence that was objected to, and in permitting the written objections to be taken by the jury to their room upon their retirement, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

---

(No. 16085.—Judgment reversed.)
The Vulcan Detinning Company, Appellee, *vs.*
J. N. St. Clair, Appellant.

*Opinion filed December 16, 1924.*

1. Injunction—*appeal is proper remedy where injunction is too broad—contempt.* If the defendant is of opinion that the court erred in ordering an injunction against him or that the injunction ordered was too broad in its terms he should appeal from the decree, and in a subsequent proceeding for contempt, charging violation of the injunction, the sole question is whether the injunction was violated.