WOLFE *v.* GRANOVER.

1. CONTRACTS—RESCISSION—QUESTION FOR JURY.

In action on written contract under which plaintiffs, who were builders on large scale, were to purchase the lumber and other materials and erect two two-family flats for defendants, who were to pay all bills for labor and materials, whether the contract was rescinded by plaintiffs, *held,* question for jury under evidence that plaintiffs said they were too busy to look after said jobs, that they did not secure necessary lumber and material nor supervise the work, and, on that account, defendants proceeded with the work independent of plaintiffs.

2. SAME—TRIAL—WEIGHT OF EVIDENCE.

In said action, verdict for defendants *held,* not against overwhelming weight of evidence.

3. TRIAL—ACTION OF JUDGE IN LEAVING COURTROOM.

That trial judge, who was called to the telephone while plaintiffs' attorney was making his argument to the jury, in a low tone of voice explained to defendants' attorney why he was leaving the courtroom, *held,* not prejudicial error.

Error to Wayne; Collingwood (Charles B.), J., presiding. Submitted January 15, 1930. (Docket No. 92, Calendar No. 34,624.) Decided March 6, 1930.

Assumpsit by Harry W. Wolfe and Louis Steinberg against Louis Granover and another for amount due under a building contract. From a judgment for defendants, plaintiffs bring error. Affirmed.

*G. Leslie Field,* for plaintiffs.

*Butzel, Levin & Winston* (*Chris M. Youngjohn,* of counsel), for defendants.

NORTH, J.   Plaintiffs are builders of dwellings in Detroit, and operate on a somewhat extensive scale. In February, 1925, they had in the process of construction upwards of 20 houses in the vicinity of two lots on Arlington avenue which were owned by the defendants, Mr. and Mrs. Granover.   The defendants desired to build a two-family flat on each of their lots.   Because of plaintiffs' experience and extensive building activities they claimed they could purchase lumber and other materials advantageously and could erect these two buildings at a less cost than could the defendants.   A written contract between the parties was entered into February 10, 1925.   This contract provided that plaintiffs should build the two flats for the defendants, the latter to pay all bills for labor and material; and, subject to certain contingencies which are not here material, for the service so rendered the defendants were to pay plaintiffs $2,400.   Building operations were promptly begun, and the buildings were completed early in June, 1925.   The defendants declined to pay plaintiffs the amount specified in the contract, and this suit followed.   Plaintiffs allege they fully performed under the contract; but the defendants urge as a defense that Mr. Steinberg, shortly after the contract was executed, told the defendants that plaintiffs were so busy with their own work that they had no time to look after defendants' jobs; that the plaintiffs did not secure the necessary lumber and material for defendants' building nor supervise the work thereon as was contemplated by the contract; and on that account defendants proceeded with their construction work entirely independent of the plaintiffs, hired their own men and purchased their own material.   In this connection the testimony of Mr. Granover in part is as follows:

"He (Steinberg), told me plain that he has no time to come to see my jobs. A day or two· later he told me that he does not care for the contract because he has no time to bother with me, but he says 'I like you, and I will see that Wolfe should order materials for you, because I know it will be too hard for you; I want to help you out.' That is what he said. * * * I talked with them (the carpenters) that they should make my two houses, because I seen that Steinberg did not take any interest in my two houses; he was interested in his."

As noted above, plaintiffs claimed that they did render the services provided for in their contract with defendants. On this issue there was a decided conflict in the testimony given at the trial before the jury. Facts and circumstances were proven which tended strongly to corroborate the claim of each of these parties. The verdict and judgment were in favor of the defendants. Plaintiffs' motion for a new trial was denied, and they are reviewing by writ of error.

Appellants' brief is mainly devoted to an able presentation of their contention that the verdict rendered was against the great and overwhelming weight of the evidence, and that there was error on the part of the trial court in denying their motion for a new trial based upon this and other grounds. We have carefully reviewed the record and find ourselves constrained to agree with the trial judge, who, in denying plaintiff's motion for a new trial, said:

"Plaintiffs' attorney convinced the court that there was much merit in his case, (but) he did not convince the court, however, that when the evidence presented by the defense on the trial, was considered, that the jury could be said to have rendered a verdict against the great and overwhelming weight of evidence."

The controlling question is whether the contract was rescinded. Plaintiffs' testimony was in support of their denial of rescission; defendants' contention to the contrary was supported by positive proof and certain corroborating circumstances. We cannot say the verdict was contrary to the overwhelming weight of testimony, and we would not be justified in setting it aside. *Hale* v. *Cole,* 241 Mich. 624, and *Noonan* v. *Volek,* 246 Mich. 377.

Of plaintiffs' other assignments of error, two relate to the ruling on the admissibility of evidence, five concern the court's charge to the jury, and one has to do with appellants' contention that the jury "might have" been given an impression prejudicial to plaintiffs' case by the circuit judge, who, at the time plaintiffs' attorney was making his argument to the jury, left the courtroom in response to a long-distance telephone call, and as the judge passed defendants' attorney he "in a low tone of voice explained to that attorney the reason why he was leaving the courtroom." In none of these incidents of the trial challenged by appellants' assignments do we find prejudicial error. The issues were fairly and impartially submitted to the jury, and its verdict should stand.

The judgment is affirmed.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. BUTZEL, J., did not sit.