LEO *v.* ATLAS INDUSTRIES, INC.

1. COURTS—JURISDICTION—REINSTATEMENT FROM NO-PROGRESS CALENDAR—DISMISSAL OF ACTION.

The failure of the trial court to dismiss action upon the fourth application for reinstatement after case had been placed on the no-progress calendar, did not oust the court of jurisdiction to try the case, the pertinent statute provision that when the plaintiff fails to try a case within the time allowed upon reinstatement the court shall dismiss the action being directory and not self-executing (CL 1948, §§ 618.2, 618.3).

2. COSTS—CONSTRUCTION OF STATUTES.

No costs are allowed plaintiff-appellee on affirmance of judgment on appeal of defendant after judgment had been taken against him following fourth reinstatement of case from no-progress calendar, where a matter of statutory construction is involved (CL 1948, §§ 618.2, 618.3).

Appeal from Macomb; Noe (Alton H.), J. Submitted October 3, 1962. (Calendar No. 18, Docket No. 49,083.) Decided June 3, 1963.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 5–7.
17 Am Jur, Dismissal, Discontinuance, and Nonsuit § 1 *et seq.*
[2] 14 Am Jur, Costs §§ 21–24, 91 *et seq.*

Action by August Leo, doing business as Leo's Construction Co., against Atlas Industries, Inc., a Michigan corporation, for sums owing for work and labor on construction of building. Cause stricken from no-progress calendar and reinstated on active call upon several occasions. Judgment for plaintiff. Defendant appeals. Affirmed.

*Frank E. Jeannette* (*John J. Goetz,* of counsel), for plaintiff.

*Kahn & Kahn* (*Kenneth Kahn,* of counsel) and *Dickinson, Wright, McKean & Cudlip* (*Glenn D. Curtis,* of counsel), for defendant.

SMITH, J. This case was filed in 1950, and issue was joined that year. Through 1957 the case was removed from the no-progress calendar 4 times. After the fourth reinstatement, a pretrial conference was held November 5, 1958. On the judge's pretrial worksheet, the following notation was made: "Immediate trial—this month. Must be tried this year." On the circuit court work schedule sheet, a similar notation was made at the instance of the pretrial judge. The matter was not tried that year, 1958. In April, 1959, a deposition was taken and filed. For want of progress during the next 1-year period, the case was again placed on the no-progress calendar, and on application of plaintiff was again reinstated. The matter was tried to the court in August, 1960, and resulted in judgment for plaintiff.

The sole question presented on appeal by defendant is as follows: "Was jurisdiction of the court lost for failure to try this case after 8 years, within the additional time specified by the court?"

Defendant relies upon that portion of the judicature act having to do with the dismissal of cases

for no progress, CL 1948, §§ 618.2, 618.3 (Stat Ann §§ 27.982, 27.983):

"Sec. 2. All causes in which no action has been taken or progress made for more than 1 year unless by reason of the business of the court the same shall not have been reached, shall be placed upon said calendar separate and apart from all other causes, under the following heading: 'Causes in which no progress has been made for more than 1 year;' and on the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary.

"Sec. 3. If further time for the trial of such issue be allowed by the court, and the plaintiff shall neglect to try the same within the time so allowed, the court shall dismiss the action as above provided."

Pointedly, we take note of the fact defendant claims not that the court was without jurisdiction over the persons and subject matter originally. Defendant's contention is that the trial court lost jurisdiction over the subject matter because the case was not tried during 1958, as noted on the worksheets aforementioned. Assuming, without deciding, that the judge's notes on said worksheets constituted an order setting date for trial, it does not follow that the directory provision of the statute is self-executing. We hold that the failure of the court to dismiss the case as provided in the statute did not oust the court of jurisdiction. This opinion is not to be construed in any way as sanctioning the inexcusable delay in disposing of the case, irrespective of where the fault lies. The divestiture of jurisdiction, however, is a serious matter and cannot be done except under clear mandate of law.

Affirmed.  No costs allowed, a matter of statutory construction being involved.

Carr, C. J., and Dethmers, Kelly, Kavanagh, and Souris, JJ., concurred with Smith, J.

Black, J. (*concurring*).  I concur in affirmance.

It is true that the case should have been dismissed, under the statute (CL 1948, § 618.3 [Stat Ann § 27.983]), no later than expiration of another term after the "must be tried this year" notation was made by the circuit judge.  But that omission did not then or thereafter annul the concededly existent jurisdiction over parties and subject matter.  As Mr. Justice Wiest piquantly observed of another like statute (a directive by the legislature that the court do or decide within a certain specified time):

"The statute [CL 1915, § 12585 (CL 1948, § 618.13 [Stat Ann § 27.993])] expresses a commendable ideal and spends its whole force in the utterance thereof.  It does not punish litigants for delay excusable or inexcusable by the judge and does not and could not provide departure of judicial power from the judge.  It is a legislative intimation of a promptness most desirable, entitled to respect as such, but in no sense a mandate regulating rights and remedies." (*Stepanian* v. *Moskovitz,* 232 Mich 630, 639.)

Justice Wiest gave as his reason that "spurs can only be applied by a rider and the legislature does not occupy the judicial saddle."  I concur, too, with that specially worthy epigram.

O'Hara, J., took no part in the decision of this case.