STATE HIGHWAY COMMISSIONER *v.* GULF
OIL CORPORATION.

DECISION OF THE COURT.

1. WORDS AND PHRASES—JURISDICTION.

*Jurisdiction* is a term of large and comprehensive import and constitutes the power of a court to act and to hear and determine a case.

2. EMINENT DOMAIN—COURTS—ABSENCE OF JUDGE—IRREGULARITIES—WAIVER—JURISDICTION.

The temporary absence of a judge from the courtroom during the trial of a condemnation proceeding is deemed an irregularity which may be waived and not a loss of jurisdiction to act.

3. SAME—COURT—ABSENCE OF JUDGE—WAIVER OF IRREGULARITY.

There is a court with a judge where he begins a condemnation proceeding, is available throughout, and ends the proceedings, hence, objections made at oral argument on motion for new trial came too late, the irregularity arising from the judge's absence being waived.

4. SAME—DAMAGES—DIVERSION OF TRAFFIC.

The diversion of traffic by reason of condemnation of a part of a tract of land is not an element of damages.

5. SAME—JURY—INSTRUCTIONS—PREJUDICE.

Trial judge's charge to jury in condemnation proceedings that it was the judge of the law and the facts, made after the new Constitution had become effective, although erroneous, *held,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 88.
[2, 3, 7, 9] 53 Am Jur, Trial § 19.
[4] 18 Am Jur 2d, Eminent Domain § 356.
Right of property owner to compensation for diversion of traffic by relocation or rerouting of highway. 118 ALR 921.
[5] 18 Am Jur, Eminent Domain § 363.
[6] 18 Am Jur, Eminent Domain §§ 128, 244.
[8] 5 Am Jur 2d, Appeal and Error § 1009.

not reversible, where not shown to have prejudiced the defendant.

6. SAME—PARTIAL TAKING—DAMAGES—EVIDENCE—INSTRUCTIONS.

Award of jury of $33,000 for the taking of 4,144 square feet from south side of a rectangular area of 15,968 square feet, which took 1 pump island but left the gasoline service station building intact, is not disturbed where within the testimonial range of $30,000 to $65,000 and judge had correctly stated the before and after rule of damages.

7. SAME—ABSENCE OF TRIAL JUDGE.

Absence of trial judge from courtroom during the trial of a condemnation proceeding is not to be condoned in the future in view of provision of Constitution requiring that compensation in such a proceeding be determined in a court of record as implemented by court rule requiring that such proceeding be presided over by the judge in person (Const 1963, art 10, § 2; GCR 1963, 516.5, added in 1964).

8. COSTS—PUBLIC QUESTION—CONDEMNATION PROCEEDING.

No costs are allowed on appeal in State highway commissioner's proceeding to condemn part of a tract of land, where a public question is involved.

DISSENTING OPINION.

BLACK AND SOURIS, JJ.

9. EMINENT DOMAIN—ABSENCE OF JUDGE—NEW TRIAL.

*New trial in State highway commissioner's proceeding to condemn part of a parcel used for gasoline filling station should be granted, where trial took place after new Constitution became effective requiring that compensation be determined in a court of record and in the trial the trial judge commenced and terminated the trial but was not present in the courtroom during the intervening period (Const 1963, art 10, § 2).*

Appeal from Wayne; Rashid (Joseph G.), J. Submitted October 6, 1965. (Calendar No. 8, Docket No. 51,022.)   Decided March 8, 1966.

In the matter of proceedings by John C. Mackie, State Highway Commissioner, against Gulf Oil Corporation and others for condemnation of properties for Fisher Freeway in Detroit. Portion of corner

gasoline station of defendant taken and award of damages made. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *John M. Roche,* Assistant Attorneys General, for plaintiff.

*Axford, Cashen, Hally & Baird,* by *Ray Cashen* (*George B. Shaeffer,* of counsel), for defendant.

Adams, J. This appeal from a condemnation proceeding for a freeway involves a gasoline station having a rectangular area of 15,968 square feet. The freeway service drive will require 4,144 square feet of the southernmost portion of the rectangle. One pump island will be taken. The station building, containing eight bays, will be left intact.

The station now has access to Vernor highway and Second street. Access to a service drive will replace the present access to Vernor and the access to Second will be reduced from 160 to 130 feet after the freeway is built.

A State witness testified that, after taking, the best use of the property would be for a gasoline service station; that the property had a value, before taking, of $87,875 and a value afterward of $59,225. A witness for appellant testified to a similar value before taking but that the best use after taking would be as a parking lot worth less than $19,500. Other expenses would increase the cost of taking $1,651. The jury awarded $33,000, within the testimonial cost range of $30,000 to $65,000.

# I

After the jury was empaneled, the judge left the courtroom. He did not return until he gave his

charge. The proceedings were subsequent to the effective date of Const 1963, art 10, § 2, which provides:

"Compensation shall be determined in proceedings in a court of record."[1]

Appellant contends there can be no court of record without a judge.

Did the absence of the trial judge vitiate the proceedings? Had they occurred prior to the 1963 Constitution, his absence would have had no such effect. *Toledo, A. A. & G. T. R. Co.* v. *Dunlap,* 47 Mich 456, 466; *In re Acquisition of Land for Civic Center,* 335 Mich 582, 590, 591.

Now it is urged that the 1963 Constitution requires the presence of the judge throughout the proceedings. In commenting on the previous function of the jury as "judge of law and fact", Convention Delegate Erickson said:

"It is the desire and intent of the committee to correct this situation and have the judge act as such in condemnation cases with the same powers he has in other civil matters." 2 Official Record, Michigan Constitution Convention (1961), p 2581.

It was further urged on oral argument that we characterize the absence of the trial judge as a "jurisdictional" defect so as to bypass the defendant's failure to object. "Jurisdiction" is a term of "large and comprehensive import." Black's Law Dictionary (4th ed, 1951), p 991. Broadly stated, it is "the power to act." *Campbell* v. *City of Plymouth,* 293 Mich 84, 86. "By jurisdiction is meant the authority which the court has to hear and determine

---

[1] The proceedings occurred prior to November 3, 1964, the effective date of GCR 1963, 516.5, which reads: "Judges of courts of record in which condemnation proceedings have been instituted shall preside over the proceedings in person and shall instruct the jury or commissioners on questions of law and admissibility of evidence." (See 374 Mich xv.—Reporter.)

a case." *Ward* v. *Hunter Machinery Co.,* 263 Mich 445, 449.   See, also, Beale, The Jurisdiction of a Sovereign State, 36 Harv L Rev 241.   This is not a case of trying to decide whether the court had jurisdiction.   Admittedly it had.   The question is— was jurisdiction lost?[2]

Many decisions deal with the problem of the trial judge absenting himself during some phase of judicial proceedings.   The decisions do not, however, characterize the problem as jurisdictional.[3]

In *People* v. *Morehouse,* 328 Mich 689 (34 ALR2d 676, 678), certiorari denied, 341 US 922 (71 S Ct 739, 95 L ed 1355), appellant argued that jurisdiction was divested from the trial court when the judge absented himself from the courtroom.   This Court characterized the absence as "error", but, since it was not prejudicial and not objected to, it was held not reversible.   See, also, *Spencer* v. *Johnson,* 176 Mich 278, 284, 285; *Prine* v. *Singer Sewing Machine Co.,* 176 Mich 300, 318, 319; *Miller* v. *Young,* 196 Mich 276, 282–285; *Trudell* v. *Pearll,* 219 Mich 514, 519; *Wolfe* v. *Granover,* 249 Mich 626, 629.

*Miller* and *Trudell* concern themselves with the absence of the trial judge during reception of verdict.   While the decisions do not approve of the

___

[2] An affirmative response to this question is not lightly uttered by this Court.   See *Leo* v. *Atlas Industries, Inc.,* 370 Mich 400, 402.

[3] A number of Illinois decisions speak of judicial proceedings carried on in the absence of the trial judge as *coram non judice*—in the presence of a person not a judge.   See Black's Law Dictionary (4th ed 1951), p 406; *City of West Frankfort* v. *Marsh Lodge,* 315 Ill 32, 39 (145 NE 711); West's Northeastern Digest, Trial, § 19.   However, it is doubtful whether the Illinois courts regard this as a jurisdictional defect.   In *Pennsylvania Company* v. *Barton,* 130 Ill App 573, 584, the same Latin phrase was used in affirming a lower court decision. The court said: "Appellant urges that the error was one that could not be waived, that the presence of the judge is essential to the existence of the court.   * * *   There are cases in other jurisdictions in which the temporary absence of a judge during the trial of a cause has been considered an irregularity which could be waived.   [Citing cases.]" *Pennsylvania Company, supra,* 587, 588.

judge's absence (nor do we in this instance), none characterizes the absence as a jurisdictional defect. They all speak of the absence as an error or an irregularity which may be waived.

Decisions that take the approach that there can be no court without a judge generally arise out of criminal trials. See, Annotation, Absence of judge from courtroom during criminal trial prior to time of reception of verdict, 34 ALR2d 683.

The absence of the judge, under the circumstances of this case, goes to the manner of his exercise of judicial power rather than to the scope of that power. He began the proceedings. He ended them. He was available throughout. At no time during the trial did defendant object to his absence. Either party had simply to go to another room to obtain his control. During the proceeding, defendant's counsel was challenged to bring an objection to the attention of the judge:

"*Mr. Cashen:* No, and I am going to object to any traffic count north of Masonic Temple because I think it is immaterial.

"*Mr. Roche:* Let's go see the judge, because I propose to ask these questions."

Mr. Roche's suggestion was not accepted by defendant.

At another time this occurred:

"*Mr. Roche:* I object to you bringing it before the jury and I want a ruling on it from the judge before you bring it in before—

"*Mr. Cashen:* I am only trying to help you.

"*Mr. Roche:* Yes, you are trying to help. Do you want to go before the judge and see if this is admissible? Let's go. * * *

"*Mr. Cashen:* No, I wouldn't go over and embarrass you, because I only want to help the jury."

On June 16, 1964, the jury returned its verdict and on June 17, 1964, appellant filed a motion for a new trial. Said motion did not raise the issue of the judge's absence or the court's charge concerning the jury acting as judge of the law. Both of these issues were raised for the first time on July 10, 1964, at the time of oral argument on said motion for a new trial. When the trial judge begins a proceeding, is available throughout, and ends the proceeding, there is, in fact, a court with a judge. The objections came too late.

## II

Appellant argues that 25,000 cars per day go by its station on Vernor, that this will be materially diminished when the freeway is constructed. Appellee showed that the freeway will carry between 90,000 and 140,000 cars per day. In *State Highway Commissioner* v. *Watt*, 374 Mich 300, 307, this Court held that diversion of traffic is not an element of damages in condemnation proceedings. The reasoning of the majority opinion in that case is persuasive here.

## III

The trial judge charged the jury that it was the judge of the law and the facts. Since the adoption of the 1963 Constitution, this is not the case. Article 10, § 2. Defendant in no way establishes how or why this incorrect statement prejudiced its case. Other than this point, the charge correctly stated the before and after rule of damage. *Johnstone* v. *Detroit, G. H. & M. R. Co.*, 245 Mich 65 (67 ALR 373). The award of the jury is within the bounds set by the charge.

Needless to say, the procedure followed by the judge in this case, in the light of GCR 1963, 516.5,

implementing Const 1963, art 10, § 2, is not to be condoned in future condemnation cases.

Affirmed. No costs, a public question being involved.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, and O'HARA, JJ., concurred with ADAMS, J.

SMITH, J., concurred in the result.

SOURIS, J. (*dissenting*). I dissent. This case should be reversed and remanded for new trial in a court of record. Our Constitution of 1963, art 10, § 2, requires no less.

In this case, the circuit judge commenced proceedings by empaneling a jury and terminated them by entry of judgment on the jury's verdict. During the interval between commencement and termination, he was not present in the courtroom. That was the practice condoned in this State prior to the Constitution of 1963 and it was that practice article 10, § 2 was designed specifically to forbid thereafter, as my Brother ADAMS notes in his opinion.

BLACK, J., concurred with SOURIS, J.