ADLE *v.* STATE HIGHWAY COMMISSIONER.

1. CONSTITUTIONAL LAW—CONDEMNATION PROCEEDINGS—JUDGES ABSENT FROM COURTROOM.

   Absence of judge from courtroom during conduct of condemnation proceeding, unobjected to, is not violation of constitutional right of private property owners to have compensation for public taking of property determined in proceedings in a court of record, where judge began and ended proceedings and was available at all times to rule on objections (Const 1963, art 10, § 2).

2. APPEAL AND ERROR—CONDEMNATION PROCEEDINGS—JUDGES—ABSENCE FROM COURTROOM.

   Objection to absence of judge from courtroom during taking of testimony in condemnation proceeding, *held*, untimely, when made for first time in motion to set aside judgment, after motion for new trial was denied.

3. SAME—CONDEMNATION PROCEEDINGS—INSTRUCTIONS—OBJECTION.

   Error cannot be assigned to instruction by trial judge in condemnation proceeding that jury was determiner of the law and the facts when no objection was made at the time of the charge (GCR 1963, 516.2).

4. EMINENT DOMAIN—VALUE—OPINION EVIDENCE.

   Opinion evidence concerning the proper use and value of property is advisory only in proceedings to condemn land for highway uses.

5. SAME—OPINION EVIDENCE—USES—VALUE.

   A jury in condemnation case is not bound by opinion of witnesses as to use and value of property, but may weigh the evidence presented and draw its own conclusions.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 27 Am Jur 2d, Eminent Domain §§ 406, 412.
53 Am Jur, Trial § 19.
[3] 27 Am Jur 2d, Eminent Domain §§ 418, 471.
[4, 5] 27 Am Jur 2d, Eminent Domain §§ 427, 435.
[6] 27 Am Jur 2d, Eminent Domain §§ 443, 471.

6. SAME—CONDEMNATION PROCEEDINGS—VERDICT—CREDIBILITY.
    Verdict in condemnation proceedings for highway by jury able
    to consider knowledge, interest, and demeanor of each witness
    will not be set aside by Court of Appeals unless clearly er-
    roneous.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 February 10, 1966, at Detroit. (Docket No. 139.) Decided July 1966. Rehearing denied September 30, 1966. Leave to appeal denied by Supreme Court March 9, 1967. See 379 Mich 752.

Condemnation proceedings by State Highway Commissioner against Dudley Adle and Delma Adle, husband and wife, and Sol Sonenklar and Hilda Sonenklar, husband and wife. The jury awarded owners $10,000, and they appeal, claiming amount was insufficient. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank W. Lindeman* and *Frank A. O'Boyle, Jr.,* Special Assistant Attorneys General, for the State Highway Commissioner.

*Lampert & Fried (David M. Fried,* of Counsel), for appellant landowners.

J. H. GILLIS, P. J. Although the late Judge WATTS heard oral arguments on the above matter, he took no part in the decision in this case.

A petition for condemnation was filed in the name of the State on November 13, 1963, in the acquisition of land for the laying out, establishing, and opening of FAI–75 expressway in the cities of Lincoln Park, Melvindale, and Detroit, Wayne county, Michigan, between Champaign road in the city of Lincoln Park

and Omaha avenue in the city of Detroit as a part of FAI–75 expressway and as a limited access highway.

The parties in interest in this appeal are Dudley Adle and Delma Adle, his wife, owners in fee, and Sol Sonenklar and Hilda Sonenklar, his wife, who had a 6-month option to purchase back on land contract a 1/2 undivided interest in the property for the amount of 1/2 of the price that plaintiff Adle had paid.

The trial commenced on February 4, 1964, in Wayne circuit court. After the jury was empaneled, the judge left the courtroom and was not present during the course of the trial except to rule on several motions and objections. The parties stipulated in this appeal that although the judge did not sit during the trial, he was available at all times to rule on objections.

The plaintiffs contend that the absence of the trial judge during the trial denied them their constitutional right to have compensation for condemned property determined in proceedings in a court of record as required by Const 1963, art 10, § 2.[1]

The case at bar is controlled by *State Highway Commissioner* v. *Gulf Oil Corporation* (1966), 377 Mich 309, 315, where the Michigan Supreme Court said:

"When the trial judge begins a proceeding, is available throughout, and ends the proceeding, there is, in fact, a court with a judge."

---

[1] "Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record." The proceedings occurred *prior* to November 3, 1964, the effective date of GCR 1963, 516.5, which reads: "Judges of courts of record in which condemnation proceedings have been instituted shall preside over the proceedings in person and shall instruct the jury or commissioners on questions of law and admissibility of evidence." (See 374 Mich xv.)

In the *Gulf Case* no objection was made to the judge's absence until oral argument on the motion for a new trial. The Court ruled that the objection came too late. During trial, in the present case, there was no objection made concerning the judge's absence. This objection was first raised in the motion to set aside the judgment, which was subsequent to the motion for a new trial. As in the *Gulf Case,* this objection is untimely.

The trial judge erroneously charged the jury that "they are the determiners of the law and the facts." However, no objection was made at the time of the charge, see GCR 1963, 516.2, nor in the motion for new trial. In the absence of timely objection, we need not consider the merits of this issue.

The plaintiffs raise 5 additional questions which can accurately be condensed into 1 issue, *i. e.,* was the verdict supported by the evidence. At trial the defendant's appraiser testified that the best use of the property was for residential development and that it was not a good location for a multiple site. He set the value of the property at $10,000. The plaintiffs produced 5 witnesses who testified that the best use of the property would be for multiple purposes and their estimates of the property's value ranged from $42,500 to $65,000 (the latter estimate being that of Dudley Adle, one of the owners). On the basis of this testimony, the plaintiffs contend that the verdict of $10,000 was contrary to law.

Opinion evidence concerning the proper use and value of property is advisory only.

"A jury is not bound by such evidence, but may weigh the evidence in the light of all the facts and opinions presented to it, and then draw its own conclusions." 5 Nichols, Eminent Domain, § 18.4, p 190.

In the present case the jury was able to consider the knowledge, interest and demeanor of each witness and this Court will not set aside its verdict unless it is clearly erroneous.

Judgment affirmed.

FITZGERALD, J., concurred.

