THE PEOPLE v. CHARLES SCHOENETH.

*Disagreement of jury—Jurisdiction not affected by verdict.*

When a jury in a criminal case cannot agree, it is the judge's duty to discharge them; and the prisoner is not thereby relieved from prosecution.

An instruction that the evidence on an information for statutory burglary is not sufficient to convict of the breaking and entering, is not equivalent to an acquittal on that part of the charge; and if the jury disagree, the whole charge remains in force.

Jurisdiction in a criminal case is measured by the offense charged in the information, and is not lost by a verdict for a minor offense included therein.

Exceptions before judgment from Recorder's Court of Detroit. Submitted Oct. 20. Decided Oct. 27.

INFORMATION for breaking and entering a store, etc. Respondent was convicted below. Exceptions overruled.

Attorney-General *Otto Kirchner* for the people.

*Miller & Clarke* for respondent.

GRAVES, J. This case comes up on exceptions before judgment. Without conceding that the points suggested by

the defense are legitimately raised, they will be disposed of briefly.

The prisoner was charged by information in the Recorder's Court of the city of Detroit with having in the night-time broken and entered a store in that city, not adjoining to or occupied with a dwelling-house, with intent to steal goods and chattels therein, and with having then and there feloniously stolen, taken and carried away the same of the value of $7.50.

He pleaded not guilty and being put on his trial before a jury, the recorder, when the testimony was concluded, among other things charged that the evidence was not sufficient to convict of the breaking and entering, and that it was for the jury to find whether the prisoner was or was not guilty of the larceny. The jury proceeded to deliberate upon the case, and were "unable to agree" and were discharged.

His counsel then moved in effect that he be no further prosecuted: *first*, because he had once been in jeopardy for the breaking and entering; *second*, because the court has no original jurisdiction over the offense of "petit larceny"; and *third*, because the police court of the city has exclusive jurisdiction. The court overruled the motion, and sometime after the prisoner was put on trial before another jury. The same objections were then made and again overruled.

There is no claim, and the record affords no ground for saying, that the recorder did not act with due discretion in discharging the jury without a verdict. The statement is express that they were "*unable*" to agree, and if that was true it became the judge's duty to discharge them, and the prisoner was not thereby relieved from further prosecution. The doctrine is too well settled to justify discussion.

The instruction given to the first jury that the evidence was insufficient to convict of the breaking and entering, if entirely correct, was not equivalent to an acquittal of that part of the charge. The legal accusation remained just the same, and no part was eliminated for the purpose of another trial. The charge was matter of advice to the jury on the

evidence, and it ceased to have influence after the final disagreement.

The jury on the second trial found the prisoner guilty of the larceny charged and nothing more. The accusation was sufficient to give the recorder's court jurisdiction, and it could not be lost by a verdict for a minor but included crime. It is not to be imagined that a court is to go through a trial on the merits of an accusation down to a verdict to find out from the latter whether it had jurisdiction to try at all.

The exceptions are overruled and the court below is advised to proceed to judgment.

The other Justices concurred.