WARD *v.* HUNTER MACHINERY CO.

1. JUDGMENT—WHEN FINAL.

Generally, judgment of court having jurisdiction of subject-matter and of parties is final and conclusive, unless appealed from.

2. COURTS—JURISDICTION DEFINED.

By jurisdiction, which lies at foundation of all legal adjudications, is meant authority which court has to hear and determine case.

3. PROCESS—APPEARANCE—WAIVER.

Want of proper service, if any, was waived by defendant by its appearance by attorneys.

4. SAME—FOREIGN CORPORATIONS—SERVICE ON STATE OFFICER—STATUTES.

Where defendant corporation's attempted withdrawal of authority of secretary of Commonwealth of Pennsylvania to accept service on its behalf did not comply with statutory provisions for withdrawal, said authority remained unrevoked, and service on said officer was valid although made after said attempted revocation (15 P. S. § 3142).

5. JUDGMENT—CONSTITUTIONAL LAW—JUDGMENT OF FOREIGN STATE —FULL FAITH AND CREDIT—DEFENSES.

Judgment of State court is record evidence of demand, so that defendant, when sued on judgment of another State, may not go behind it and controvert contract or other cause of action on which said judgment was founded (U. S. Const., art. 4, § 1; 28 USCA, § 687).

6. SAME—DEFENSES NOT PLEADED IN FOREIGN COURT NOT AVAILABLE.

Action in this State on judgment of Pennsylvania court may not be defended on any grounds, except fraud and want of jurisdiction, which were available as defenses there, and which might have been pleaded, tried, and adjudicated.

7. Same—Recoupment and Counterclaim.

In action in this State on judgment of Pennsylvania court, affirmative defense of recoupment and counterclaim, even if available, *held*, not established by preponderance of evidence.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 11, 1933. (Docket No. 57, Calendar No. 37,037.) Decided June 5, 1933. Rehearing denied August 29, 1933.

Four actions of assumpsit by Harry A. Ward against Hunter Machinery Company, a Delaware corporation, upon eight judgments obtained in Pennsylvania. Cases consolidated for trial. Judgment for plaintiff. Defendant appeals. Affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Joseph R. Gillard* and *Wood, Warner & Tyrrell* (*George S. Baldwin,* of counsel), for defendant.

Potter, J. Plaintiff brought suit against the defendant in the circuit court for Kent county upon judgments rendered in the county court of Alleghany county, Pennsylvania, *first,* upon five judgments rendered in said State by said court October 19, 1931, in which the amount involved aggregated $2,090.83. In the cases in which these judgments were rendered, defendant appeared by its attorneys. *Second,* plaintiff also brought suit in the circuit court for Kent county on three other judgments rendered by the county court of Alleghany county against defendant in which service of process from the Pennsylvania court was made on the secretary of the Commonwealth of Pennsylvania. These judgments were rendered November 23, 1931, December 14, 1931, and January 12, 1932, respectively. There were judgments for plaintiff. Defendant ap-

peals. Upon the filing of plaintiff's declaration, defendant by answer attacked the judgments as void for want of jurisdiction; alleged plaintiff could not split his cause of action, and set up by way of recoupment and counterclaim that it had been defrauded in the contract made the basis of plaintiff's suits in Pennsylvania upon which judgments were rendered, and asked judgment in its own favor upon such recoupment. Plaintiff filed answer to this claim of recoupment and counterclaim. There were judgments for plaintiff. Defendant appeals.

December 5, 1929, plaintiff being in control of the Ward Equipment Company, a Pennsylvania corporation, offered to sell defendant 150 shares of the capital stock of the corporation. Defendant was to retain plaintiff, in case it purchased this stock, in its employ, at a salary of $400 a month, plus automobile and sales expenses, for three years, as a salesman of road machinery in Pennsylvania. Provision was made for further compensation to plaintiff by defendant in case the Ward Equipment Company made profits mentioned in the offer. The offer provided a method of ascertaining the net worth of the Ward Equipment Company and of its stock; guaranteed the correctness of its book accounts; represented the affairs of the Ward Equipment Company were as shown by an appended balance sheet; stated that plaintiff owned all the stock of the Ward Equipment Company, and agreed to deliver to defendant, in case the offer was accepted, the resignation of the board of directors of the Ward Equipment Company. Defendant accepted plaintiff's offer, provided plaintiff would assert his best efforts to advance the interests of the company during his employment; deliver to defendant 150 shares of the capital stock of the Ward Equipment Company

which had been subscribed, paid for, and issued, which provisions were accepted by plaintiff. Subsequently plaintiff was discharged by defendant and then sued defendant in the county court of Alleghany county, Pennsylvania, to recover salary, and the judgments for monthly instalments of his salary are the judgments here sued upon.

In defense defendant sought, in the trial court, to show there was no valid service upon defendant in the original cases; defendant had been deceived and defrauded as to the value of the property on hand by the Ward Equipment Company; in the fact that plaintiff's corporation, the Ward Equipment Company, had received on consignment, sold, and not accounted for, a considerable quantity of personal property for which defendant subsequently had to pay. It is claimed by defendant it had withdrawn from doing business in Pennsylvania before suit was instituted against it, in that State, and hence service upon the secretary of the Commonwealth of Pennsylvania was not sufficient in those cases where there was no appearance by defendant's attorneys. Plaintiff claims the judgments in Pennsylvania constitute a former adjudication of the questions sought to be raised below by recoupment and counterclaim; that in the suit based upon the judgments in which there was personal appearance by the defendant's attorneys, defendant may not assert its claim of recoupment and counterclaim, it not having asserted such claims in the county court of Alleghany county, Pennsylvania. He claims the county court of Alleghany county had jurisdiction in the cases where there was service of process upon the secretary of the Commonwealth of Pennsylvania, but no appearance by defendant or its attorneys, because the authority of the secretary of the Commonwealth of Pennsylvania had not been revoked prior to

service upon him. The trial court held that service upon the secretary of the Commonwealth of Pennsylvania in those cases in the county court of Alleghany county in which there was no appearance by defendant or its attorneys was sufficient, and that defendant did not sustain the burden of proof necessary to establish its claim of recoupment.

Plaintiff claims such claim of recoupment and counterclaim was necessarily adjudicated by the county court of Alleghany county, Pennsylvania, and that defendant may not here urge the same. It is a general rule that the judgment of a court having jurisdiction of the subject-matter and of the parties is, unless appealed from, final and conclusive. By jurisdiction is meant the authority which the court has to hear and determine a case. Jurisdiction lies at the foundation of all legal adjudications. The court must have cognizance of the class of cases to which the one to be adjudicated belongs; it must have jurisdiction of the parties, and the question decided must be within the issue. *Reynolds* v. *Stockton,* 140 U. S. 254 (11 Sup. Ct. 773). By stipulation between the parties, it appears that as to the five judgments of the county court of Alleghany county, Pennsylvania, made the basis of one of the suits in the Kent county circuit court, defendant Hunter Machinery Company appeared by its attorneys in the county court of Alleghany county, Pennsylvania, so that whether there was proper service or not upon the secretary of the Commonwealth of Pennsylvania, the want of proper service, if any existed, was waived by the appearance of defendant by its attorneys. The judgments made the basis of the other suits in the Kent county circuit court were based upon service of process upon the secretary of the Commonwealth of Pennsylvania. There being no appearance in the county court of Alle-

ghany county, Pennsylvania, by defendant or its attorneys, the question is, defendant not having come into court voluntarily, whether it was legally brought into court, by this service of process. Prior to the institution of the suits in Pennsylvania, defendant, a foreign corporation, had qualified to do business in the State of Pennsylvania as a foreign corporation. Under the statutes of Pennsylvania, a foreign corporation seeking to qualify to do business in that State must appoint the secretary of the Commonwealth and his successor in office its attorney and agent for the service of legal process. The statute provides:

"Every such foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the secretary of the Commonwealth and his successor in office to be its true and lawful attorney and authorized agent, upon whom all lawful processes in any action or proceeding against it may be served; and service of process on the secretary of the Commonwealth shall be of the same legal force and validity as if served on it; and the authority for such service of process shall continue in force so long as any liability remains outstanding against it in the Commonwealth. The power of attorney shall be executed with the seal of the corporation, and signed by the president and secretary thereof; and shall contain a statement showing the title and purpose of said corporation, the location of its principal place of business in the Commonwealth, and the post office address within the Commonwealth to which the secretary of the Commonwealth shall send by mail any process against it served on him; which address said corporation may change, from time to time, as it may find occasion, by filing a certificate, under its corporate seal, with the secretary of the Commonwealth, setting forth such change of address. Upon the payment of a fee of ten dollars,

for the use of the Commonwealth, the said power of attorney and statement shall be filed in the office of the secretary of the Commonwealth, and copies certified by him shall be sufficient evidence thereof. Service of such process shall be made by the sheriff of Dauphin county, by leaving two copies of the process and a fee of two dollars in the hands, or at the office, of the secretary of the Commonwealth; and he shall make due return of his service of said process to the court, magistrate, or justice of the peace issuing the same. Such process may be issued by any court or magistrate or justice of the peace having jurisdiction of the subject-matter in controversy, in any county of the Commonwealth in which said corporation shall have its principal place of business, or in such county in which the right of action arose. Upon the filing of the said power of attorney with the secretary of the Commonwealth, it shall be his duty to certify forthwith to the auditor general the corporate name of the corporation filing the same, and the location of its principal place of business in the Commonwealth, as set forth in said power of attorney. (1911, June 8; P. L. 710, § 2 [15 P. S. § 3142].)''

Prior to the institution of the suits by plaintiff against defendant in the county court of Alleghany county in which there was no appearance by the defendant or its attorneys, and October 28, 1931, defendant sent to the secretary of the Commonwealth of Pennsylvania an instrument purporting to revoke the authority conferred upon the secretary of the Commonwealth to accept on behalf of the defendant service of process. It appears the attempted withdrawal of defendant of the authority of the secretary of the Commonwealth of Pennsylvania did not comply with the statutory provisions for withdrawal, in that it contained no statement that no liability remained outstanding against de-

fendant in Pennsylvania, and the authority granted to the secretary of the Commonwealth of Pennsylvania remained unrevoked, if such liability existed, and such liability of defendant was established by the judgments rendered. So far as the judgments rendered in the county court of Alleghany county, Pennsylvania, are concerned, based upon such service upon the secretary of the Commonwealth of Pennsylvania, they are valid.

Section 1, art. 4, Constitution of the United States, provides:

"Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. And the congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."

No valid judgment may be rendered in the courts of any State without due process of law, or without jurisdiction; but in those cases where the court has jurisdiction of the subject-matter and of the parties, the effect of the legislation of congress (28 USCA, § 687) is that the judgment of another State shall be record evidence of the demand, and that defendant, when sued on a judgment, cannot go behind it and controvert the contract or other cause of action on which the judgment was founded. It is evidence of an established demand which, standing alone, is conclusive between the parties to it. *Bank of State of Alabama* v. *Dalton,* 9 How. (50 U. S.) 528.

The important question in this case is whether the rendition of the judgments against defendant in favor of plaintiff by the county court of Alleghany county, Pennsylvania, constituted an adjudication of the rights of defendant attempted to be set up by way of recoupment and counterclaim in the suit

upon such judgments brought in the circuit court for Kent county.

"A former adjudication of the right of action, where the court had jurisdiction of the subject-matter and of the parties, is unquestionably a bar to an action for the same debt or claim, and is conclusive where the same subject-matter is sought to be again litigated, no matter how, between the same parties. In such case it is no answer to say, 'There were questions which were not raised or litigated.' It is enough if they might have been raised and litigated. But it is a different matter when an action is sought to be maintained or defeated by showing a former adjudication of questions upon which it depends. In such case it must appear that such questions were litigated as a matter of fact; that they were submitted to and decided by the jury or court; and that they were not collateral inquiries, but were crucial questions in the other controversy." *Bond* v. *Markstrum,* 102 Mich. 11.

" 'Every person,' says Chancellor Kent, 'is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law.' *Le Guen* v. *Gouverneur,* 1 John. Cas. (N. Y.) 436, 502 (1 Am. Dec. 121)." *Adams* v. *Cameron,* 40 Mich. 506.

In *Shaaf* v. *O'Connor,* 146 Mich. 504 (117 Am. St. Rep. 652), plaintiff sought to restrain ejectment and quiet title to lands sold for taxes. The court found that the decree of sale of the land for taxes was an unjust one and the tax had been paid, but said:

"We can only so determine by trying a question of fact that might have been tried in that case, and of which that decree was conclusive. This we cannot do, such decree not being subject to collateral attack."

In *Security Investment Co.* v. *Meister,* 214 Mich. 337, a bill was filed to quiet title. Defendant filed a cross-bill to reinstate a land contract and for specific performance. Plaintiff had recovered judgment of restitution by a circuit court commissioner. The court held the proceeding before the circuit court commissioner, under the facts, constituted former adjudication. There was no claim of irregularity; want of jurisdiction; that defendant had made payments he was not given credit for; that he was not in default; that he did not receive notice of forfeiture; that he was lulled into insecurity by plaintiff; failed to make any defense before the commissioner, because of any act of the plaintiff, nor was there any showing of any other grounds for equitable relief against the judgment. It was claimed the proceedings before the circuit court commissioner were ineffectual because plaintiff had not paid the specific tax upon the contract. It was said:

"This is not a proceeding to enforce the contract. This is a proceeding to enforce and give effect to the judgment rendered by the circuit court commissioner. Whether this question was urged before the commissioner this record does not reveal. That it was available to defendant then, if at all, cannot be questioned. Here it is urged in a collateral attack upon the judgment there rendered. If there urged and overruled manifestly defendant's remedy was by an appeal, and it must be equally manifest that defendant could not there withhold a defense to that proceeding for the purpose of making it available in equity as a basis of collateral attack."

In *Dimock* v. *Revere Copper Co.,* 117 U. S. 559 (6 Sup. Ct. 855), the copper company had sued

Dimock. Dimock subsequently went through bankruptcy and was discharged as a bankrupt. No defense based upon bankruptcy was made in the suit in the State court against him. Judgment was rendered, and, in a suit brought upon this judgment, defendant sought to plead his discharge in bankruptcy. The court said that:

"Having failed to present it to a court which had jurisdiction of his case, and of all the defenses which he might have made, including this, the judgment is a valid judgment, and that the defense cannot be set up here in an action on that judgment."

In *Paccalona* v. *Peninsular Bark & Lumber Co.*, 171 Mich. 605, plaintiff commenced an action in assumpsit against defendant upon the common counts, filing a bill of particulars. Defendant pleaded a former adjudication. Plaintiff had contracted with defendant to manufacture logs and tan bark. Defendant, claiming to have overpaid him, sued to recover the excess. He defended upon the ground of a former settlement and upon other grounds:

"It is argued that the law made it optional with Paccalona whether he would litigate his set-off in that action or in the present one, and that, as he pleaded no set-off in the former suit, he is at liberty now to sue and recover for it. We cannot adopt this reasoning. If Paccalona's set-off had consisted of an independent claim against the company, outside of the contracts, we agree that the law would permit him to do so, but when his claim grows out of certain contracts, and the issue is to determine what was due upon these contracts, and the subject-matter of the set-off must be used in determining that amount, it then becomes the duty of Paccalona to present his whole claim; and if he fails so to do

he will be estopped from afterwards asserting it in a counteraction,"

In *D'Arcy* v. *Ketchum,* 11 How. (52 U. S.) 164, it was held that a judgment where defendant had been served with process concluded him from pleading *nil debet* when sued in another State on the record, and consequently from going behind the judgment and re-examining the original cause of action; that he was concluded by the record in like manner as he was concluded in the State where the judgment was rendered.

In *Mills* v. *Duryee,* 7 Cranch (11 U. S.), 481, substantially the same rule was declared. And in *Hampton* v. *McConnel,* 3 Wheat. (16 U. S.) 232, the court said:

"The judgment of a State court should have the same credit, validity, and effect, in every other court in the United States, which it had in the State where it was pronounced, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other court in the United States."

In *Roche* v. *McDonald,* 275 U. S. 449 (48 Sup. Ct. 142, 53 A. L. R. 1141), it is said:

"It is settled by repeated decisions of this court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State."

If plaintiff had sued upon judgments rendered in the county court of Alleghany county, Pennsylvania, in that State, defendant would have been precluded from making a defense which he seeks to make here, and being precluded in that State from making such defense, he is equally precluded from making a defense in the courts of this State. *Hampton* v. *McConnel, supra; Roche* v. *McDonald, supra.*

The statute of Pennsylvania provides that a defendant who shall neglect or refuse in any civil action to set off his demand, shall be barred from recovering against the plaintiff by any after suit. 1913, April 2, P. L. 21, § 5 (17 P. S. § 641).

1. Defendant may not here, in a suit upon the judgments rendered in Pennsylvania, defend on any grounds, except fraud and want of jurisdiction, which were available as defenses there, and which might have been pleaded, tried, and adjudicated. The judgment records of the Pennsylvania court are here entitled to that full faith and credit prescribed by the Constitution of the United States.

2. Even if defendant could avail itself in these suits of the defense of recoupment and counterclaim, we agree with the trial court it has not established its right to set-off and counterclaim, an affirmative defense, by a preponderance of the evidence.

Judgments affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.