PEOPLE v CAREY

Docket No. 52709. Submitted June 9, 1981, at Detroit.—Decided
   October 7, 1981.

Cletis D. Carey was charged with armed robbery, first-degree
   criminal sexual conduct, kidnapping and felony-firearm in Re-
   corder's Court of Detroit. He was convicted by a jury of first-
   degree criminal sexual conduct and felony-firearm. The court,
   George W. Crockett, III, J., set aside the felony-firearm convic-
   tion. Defendant appealed, alleging numerous errors. *Held:*

   1. Defendant's allegation that the Detroit Recorder's Court
   did not have jurisdiction to convict him of first-degree criminal
   sexual conduct because the testimony indicated that the rape
   occurred outside the Detroit city limits and because he was
   acquitted of the other charged crimes which allegedly occurred
   in Detroit is without merit. The charges all arose out of the
   same transaction. In such cases, the prosecutor may bring all
   the charges arising out of the transaction in a single forum
   having jurisdiction to hear any one of the charges. The fact
   that the defendant was acquitted of that charge does not
   deprive the court of jurisdiction to hear and determine the
   other charges.

   2. A brief and inadvertent misstatement of fact by the
   prosecutor during closing argument does not require reversal.
   The court instructed the jury that the arguments of counsel
   weren't evidence, no timely objection was made and, had one
   been made, a curative instruction could have been given.

   3. Defendant's argument that the court was required to
   declare a mistrial when it was discovered that an unqualified

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 345.
[2] 63 Am Jur 2d, Prosecuting Attorneys § 26.
   75 Am Jur 2d, Trial § 219.
[3] 76 Am Jur 2d, Trial § 1098.
[4] 29 Am Jur 2d, Evidence §§ 418, 419.
   Interest in, or connection with premises searched as affecting
   • standing to attack legality of search. 78 ALR2d 246.
[5] 5 Am Jur 2d, Appeal and Error § 772.
   5 Am Jur 2d, Arrest §§ 24, 32.

juror was sitting on the panel is without merit. A defendant may waive jury qualifications. Defendant agreed to allow the unqualified juror to sit.

4. The defendant lacks standing to attack the search of an automobile in which he was a passenger and the seizure of a firearm from the vehicle. His *mere presence in the vehicle,* with no assertion of a property or possessory interest in either the vehicle or the firearm, did not furnish him with a reasonable *expectation of privacy in the area searched.*

5. A trial court's finding that officers had probable cause to arrest a defendant without a warrant will not be reversed absent an *abuse of discretion.* The court did not abuse its discretion.

Affirmed.

1. JURISDICTION — CRIMINAL LAW — SINGLE TRANSACTION.

A prosecutor may bring all the charges arising out of a single transaction in a single forum having jurisdiction over any one of the charges; the fact that the defendant is subsequently acquitted of the charge conferring jurisdiction does not deprive the court of jurisdiction to hear and determine the other charges.

2. PROSECUTING ATTORNEYS — CLOSING ARGUMENT — CRIMINAL LAW.

A brief, inadvertent misstatement of fact by a prosecutor during closing argument does not require reversal where it did not result in a miscarriage of justice.

3. JURY — JUROR QUALIFICATIONS — WAIVER — MISTRIAL.

A court is not required to order a mistrial upon discovery of an unqualified juror on the panel where the defendant waives the juror's qualifications (MCL 600.1354; MSA 27A.1354).

4. SEARCHES AND SEIZURES — PRIVACY — AUTOMOBILES.

A passenger in an automobile, who asserts neither a property nor a possessory interest in the automobile nor in evidence seized from the automobile, has no reasonable expectation of privacy in the automobile when searched and, therefore, lacks standing to attack the search and seizure.

5. APPEAL — ARREST.

A trial court's finding that officers had probable cause to arrest a defendant without a warrant will not be reversed absent an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Charles Rutledge,* for defendant.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

H. R. GAGE, J. Defendant and three other individuals allegedly raped a woman repeatedly after they had kidnapped and robbed the woman and a male companion. Defendant was initially charged with armed robbery, MCL 750.529; MSA 28.797, first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1), possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and kidnapping, MCL 750.349; MSA 28.581. He was convicted by a jury in Detroit Recorder's Court of first-degree criminal sexual conduct and possession of a firearm during the commission of a felony. The trial court set aside the felony-firearm conviction. Defendant was sentenced to 7 to 15 years in prison. He appeals as of right.

Defendant first argues that the Detroit Recorder's Court did not have jurisdiction to convict him of first-degree criminal sexual conduct because the testimony indicated that the rape occurred outside of the Detroit city limits and because he was acquitted of the other charged crimes which allegedly occurred in Detroit. Detroit Recorder's Court has jurisdiction over multiple crime transactions where one part of the crime occurs within the City of Detroit. *People v White,* 390 Mich 245; 212

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 222 (1973). MCL 762.8; MSA 28.851 provides:

"Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any 1 of said acts was committed."

Under this statute, the prosecutor was permitted to bring all of the charges against defendant in a single forum since they arose out of the same transaction. Moreover, pursuant to the Supreme Court's decision in *People v White, supra,* the prosecution is required, except in the most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single transaction. *People v White, supra,* 258. Thus, the Detroit Recorder's Court possessed jurisdiction to try the defendant on all four charges.

We disagree with defendant's position that the Recorder's Court lost jurisdiction to convict defendant of first-degree criminal sexual conduct when he was found not guilty of kidnapping and armed robbery. Jurisdiction is the authority "to hear and determine a case". *Ward v Hunter Machinery Co,* 263 Mich 445, 449; 248 NW 864 (1933), *State Highway Comm'r v Gulf Oil Corp,* 377 Mich 309; 140 NW2d 500 (1966). If a court has jurisdiction to hear a charge in conjunction with other charges, it implicitly has jurisdiction to render a conviction on that charge regardless of whether the defendant is found not guilty of the other charges. As was stated in the early case of *People v Schoeneth,* 44 Mich 489, 491; 7 NW 70 (1880):

"It is not to be imagined that a court is to go through a trial on the merits of an accusation down to a verdict

to find out from the latter whether it had jurisdiction to try at all."

Defendant next contends that a certain statement made by the prosecutor during his closing argument requires reversal. Evidence adduced at trial indicated that a gun was not used during the perpetration of the rape. The prosecutor said that defendant "helped to put [the victim] in the trunk of that car after he raped her at the point of a shotgun".

The prosecutor may not make a statement of fact to the jury which is unsupported by the evidence in the case. *People v Wheat,* 55 Mich App 559; 223 NW2d 73 (1974). In *People v LaPorte,* 103 Mich App 444; 303 NW2d 222 (1981), the prosecutor briefly referred to an accomplice's admission which had not been presented as evidence, but the defendant did not object to the statement. The judge gave the usual instruction that any statements made by counsel were not evidence. Quoting from *People v Wheat, supra,* this Court stated:

"It is well settled that a prosecutor may not make a statement of fact to the jury which is unsupported by the evidence in the case. However, it is equally well settled that a verdict in a criminal case cannot be set aside unless it affirmatively appears that the error complained of has resulted in a miscarriage of justice. MCL 769.26; MSA 28.1096; *People v Green,* 7 Mich App 346, 354; 151 NW2d 834, 838 (1967).

"A prosecuting attorney is properly held to a very high standard of performance. Nevertheless, the courts have recognized that infallibility will never be achieved: ·

" 'Great care should be taken by prosecuting officers and trial courts that no statement be made in the presence of jurors which would jeopardize a defendant's right to a fair trial. But in the haste and heat of a trial it is humanly impossible to obtain absolute perfection

and of necessity some allowance must be made in determining whether impromptu remarks are to be held prejudicial. Statements should not be held prejudicial if they are made in good faith, and, when fairly construed, they do not appear to have been such as influenced the jury adversely to the rights of the accused.' *People v Burnstein,* 261 Mich 534, 538; 246 NW 217, 218 (1933)." 103 Mich App 444, 450-451.

Defendant in the case at bar did not object to the prosecutor's statement or seek a curative instruction. There is no allegation that the prosecutor was not acting in good faith. The trial court instructed the jury that arguments made by the attorneys are not evidence. Thus, it cannot be said that this brief and inadvertent statement to the jury resulted in a miscarriage of justice. *People v Thomas,* 86 Mich App 752; 273 NW2d 548 (1978), *lv den* 406 Mich 971 (1979). Further, if defendant had made a timely objection, any prejudicial effect could have been eliminated by a curative instruction. *People v Walker,* 93 Mich App 189; 285 NW2d 812 (1979).

Defendant next contends that the trial court was required to order a mistrial on the basis of a discovery, made shortly after the jury began deliberations, that one of the jurors had felony convictions for larceny in a building and possession of a firearm. Upon questioning by the court, the juror testified that these convictions had occurred several years ago, and that they would not affect his ability to be fair and impartial as a juror. It was determined that the juror had clearly set forth his prior convictions in the juror questionnaire. Defendant and his counsel rejected the trial court's offer of a mistrial.

At the time of the jury selection, MCL 600.1307(1)(c); MSA 27A.1307(1)(c) was the control-

ling statute. It prohibited from serving as jurors persons convicted of any felony whose record had not been expunged and persons against whom a felony charge was pending. Defendant argues that in spite of the fact that defendant and his counsel insisted on continuing the jury deliberations with the unqualified juror, the trial court had no choice but to declare a mistrial because defendant could not waive juror qualifications. However, MCL 600.1354; MSA 27A.1354 indicates to the contrary. It provides, in part, as follows:

"(1) Failure to comply with the provisions of this chapter shall not be grounds for a continuance nor shall it affect the validity of a jury verdict unless the party requesting the continuance or claiming invalidity has made timely objection and unless the party demonstrates actual prejudice to his cause and unless the noncompliance is substantial. An objection made at the day of a scheduled trial shall not be considered timely unless the objection, with the exercise of reasonable diligence, could not have been made at an earlier time."

The presence of the unqualified juror was not the subject of a timely objection by the defendant. On the contrary, defendant opposed a mistrial. Further, defendant has not alleged or demonstrated any actual prejudice to his case. The juror testified that his convictions would not affect his ability to render an impartial verdict. All parties were aware of the juror's criminal record when they agreed to have the jury continue deliberating. Under these circumstances, the trial court was not under a duty to declare a mistrial.

Defendant next contends that the warrantless search of the trunk of the car in which defendant was riding was unlawful. After the automobile in which defendant was a passenger was stopped, officers searched the trunk and found a shotgun.

Defendant, however, does not have standing to challenge the constitutionality of the search and seizure because he does not assert either a property or a possessory interest in the automobile or in the gun seized. A similar fact situation existed in *People v Larry Smith,* 106 Mich App 203, 208-209; 307 NW2d 441 (1981), where this Court held:

"Next, defendant argues that the trial court erred in refusing to suppress evidence of a .22-caliber revolver found by police under the front seat of a car in which defendant had been a passenger. Defendant asserts neither a property nor a possessory interest in the automobile nor in the gun seized. The mere fact that defendant was in a car with the owner's permission immediately prior to the search did not endow him with a reasonable expectation of privacy in the area searched. Defendant, thus, lacks standing to attack the search and seizure. *Rakas v Illinois,* 439 US 128, 148-149; 99 S Ct 421; 58 L Ed 2d 387 (1978)."

Finally, defendant argues that his warrantless arrest was unlawful. The trial court's finding that the officers had probable cause to execute a warrantless arrest will not be reversed absent an abuse of discretion. *People v Thatcher,* 83 Mich App 527, 529; 269 NW2d 210 (1978). Defendant was arrested after a police radio communication detailed the victims' description of the commission of the felonies, a description of the automobile in which defendant was riding and the number and race of its occupants. The arresting officers were informed that another police car had followed the car but had lost track of it when it turned off its lights. The radio communication also indicated that a sawed-off shotgun had been used in the described crimes, and such a gun was found in the trunk of the car. We find no abuse of discretion in the trial court's determination that this evidence

gave the officers reasonable cause to believe that a felony had been committed and that defendant had committed it. See, MCL 764.15(d) and (f); MSA 28.874(d) and (f).

Affirmed.