PEOPLE v DEANS

Docket No. 138881. Submitted December 3, 1991, at Grand Rapids.
    Decided December 27, 1991, at 9:35 A.M.

   Leonard Deans, Jr., was convicted by a jury in the Kent Circuit
     Court, George S. Buth, J., of felonious assault, possession with
     intent to deliver less than fifty grams of cocaine, and possession
     of a firearm during the commission of a felony. The defendant,
     who was sixteen years old when the offenses were committed,
     moved at trial to have the cocaine and felony-firearm charges
     dismissed, arguing that the circuit court was without jurisdic-
     tion to try him on those charges because the probate court's
     jurisdiction over him had been automatically waived, at the
     prosecutor's option, by operation of MCL 600.606; MSA
     27A.606, and the cocaine and felony-firearm offenses are not
     covered by that statute. He also moved after trial for remand to
     the juvenile division of the probate court for sentencing with
     regard to the felonious assault conviction. The court denied the
     motions, and the defendant appealed by leave granted.

      The Court of Appeals held:

      1. The circuit court did not have jurisdiction to try the
     defendant on the charges of cocaine possession and felony-
     firearm, and those convictions must be vacated. Jurisdiction
     over juveniles, superior to that of any other court, is expressly
     and exclusively vested in the juvenile division of the probate
     court by MCL 712A.2; MSA 27.3178(598.2), subject to exceptions
     enumerated in MCL 600.606; MSA 27A.606, granting the cir-
     cuit court jurisdiction to determine violations of certain offen-
     ses committed by juveniles. Cocaine possession and felony-fire-
     arm are not among the enumerated exceptions. Once a juvenile
     is charged with an enumerated felony, the probate court's
     jurisdiction is not automatically waived for all other felonies
     under a theory of pendent or ancillary jurisdiction in the
     circuit court, and the prosecutor must initiate probate court

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren §§ 16, 17, 19.
See the Index to Annotations under Juvenile Courts and Delin-
    quent Children.

waiver proceedings in order to charge a juvenile defendant with nonenumerated felonies in the circuit court.

2. Because the circuit court properly acquired jurisdiction over the defendant with regard to the original charge of assault with intent to murder, an offense enumerated in MCL 600.606; MSA 27A.606, it was not lost when the jury found the defendant guilty of the lesser included offense of felonious assault, a nonenumerated offense, and the circuit court is authorized by law to sentence the defendant with regard to that conviction. The felonious assault conviction is affirmed, but the case is remanded to the circuit court for a hearing at sentencing to determine whether the defendant should be sentenced as an adult or placed in a juvenile program, as required by MCL 769.1(3); MSA 28.1072(3).

Affirmed in part, vacated in part, and remanded.

1. CRIMINAL LAW — PROBATE COURTS — CIRCUIT COURTS — JURISDICTION — JUVENILES.

The juvenile division of the probate court has exclusive jurisdiction in proceedings concerning offenses committed by children under seventeen years of age, subject to an exception that grants the circuit court jurisdiction of nine enumerated offenses committed by juveniles fifteen and sixteen years of age; a prosecutor must initiate probate court waiver proceedings in order to charge a juvenile defendant with a nonenumerated felony in circuit court, even where the nonenumerated felony arose out of the same transaction as an enumerated felony (MCL 600.606, 712A.2[a]; MSA 27A.606, 27.3178[598.2][a]).

2. CRIMINAL LAW — COURTS — JURISDICTION — CIRCUIT COURTS — PROBATE COURTS — JUVENILES.

A circuit court with jurisdiction under MCL 600.606; MSA 27A.606 to try a juvenile for assault with intent to murder, as an exception to the probate court's exclusive jurisdiction, does not lose jurisdiction to sentence the defendant when the defendant is found guilty by a jury of felonious assault, a lesser included felony offense not enumerated in the statute (MCL 600.606, 769.1[1]; MSA 27A.606, 28.1072[1]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Frank Stanley, P.C.* (by *Frank Stanley*), for the defendant.

Before: WAHLS, P.J., and SHEPHERD and NEFF, JJ.

WAHLS, P.J. Defendant appeals by leave granted from an order of the Kent Circuit Court that denied his motion to dismiss for lack of jurisdiction and his motion for remand to the juvenile court for sentencing. Defendant was apparently sixteen years old at the time he committed the offenses for which he was tried. Defendant was originally charged in the circuit court with one count of assault with intent to murder, MCL 750.83; MSA 28.278, two counts of felonious assault, MCL 750.82; MSA 28.277, one count of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The two counts of felonious assault were dismissed before trial, which was held before a jury in the circuit court. The jury found defendant guilty of the lesser offense of felonious assault, possession with intent to deliver less than fifty grams of cocaine, and felony-firearm. After defendant's posttrial motions were denied, further proceedings were stayed by stipulation while defendant sought leave to appeal. This Court granted leave, limited to the jurisdictional and sentencing issues raised below. Defendant does not challenge his conviction of felonious assault.

Subject to a few exceptions, the juvenile division of the probate court has exclusive jurisdiction in proceedings concerning a child under seventeen years of age. MCL 712A.2(a); MSA 27.3178(598.2)(a). In the present case, defendant was tried in the circuit court because the probate court's jurisdiction over him allegedly had been automatically waived, at the prosecutor's option, by operation of

MCL 600.606; MSA 27A.606. That statute, enacted as 1988 PA 52 and effective October 1, 1988, provides:

> The circuit court shall have jurisdiction to hear and determine a violation of section 83, 89, 91, 316, 317, 520b, or 529 of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.83, 750.89, 750.91, 750.316, 750.317, 750.520b, and 750.529 of the Michigan Compiled Laws, or section 7401(2)(a)(i) or 7403(2)(a)(i) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, if committed by a juvenile 15 years of age or older and less than 17 years of age.

Defendant now argues that, because possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and felony-firearm, MCL 750.227b; MSA 28.424(2), are not violations enumerated in MCL 600.606; MSA 27A.606, the automatic waiver of the probate court's jurisdiction was invalid and the circuit court had no jurisdiction over defendant with regard to these charges. We agree. The statute is clear and unambiguous. MCL 600.606; MSA 27A.606 provides an exception to the exclusive jurisdiction of the juvenile division of the probate court over juveniles. The enumeration of the nine felonies implies the exclusion of all others. *People v Mahler,* 156 Mich App 799, 803; 402 NW2d 93 (1986). While it may be inconvenient for the prosecutor to initiate probate court waiver proceedings in order to charge a juvenile defendant in the circuit court with nonenumerated felonies that may have arisen out of the same transaction as an enumerated felony, we are bound by the Legislature's limited grant of automatic jurisdiction over

juveniles to the circuit court and cannot judicially enlarge it.

The prosecutor argues that once a juvenile is charged with an enumerated felony, probate court jurisdiction may be automatically waived for all other felonies under a theory of pendent or ancillary jurisdiction in the circuit court. We disagree. Circuit courts are presumed to have original jurisdiction in all matters not prohibited by law. Const 1963, art 6, § 13; *People v Loukas,* 104 Mich App 204; 304 NW2d 532 (1981). Thus, for example, because circuit court jurisdiction over certain misdemeanor offenses is not prohibited by law, the circuit courts possess concurrent jurisdiction over those misdemeanors with the district courts where one of those misdemeanors is joined with a felony. *Loukas, supra.* In this case, however, jurisdiction over juveniles, superior to that of any other court, is expressly and exclusively invested in the juvenile division of the probate court by law, MCL 712A.2; MSA 27.3178(598.2), subject to some exceptions. MCL 600.606; MSA 27A.606 does not grant the circuit court blanket jurisdiction over juveniles; rather, it grants jurisdiction to determine violations of certain offenses if committed by juveniles. The prosecutor has identified no authority that would grant the circuit court some type of pendent jurisdiction in opposition to that given the probate courts.

We conclude that the circuit court was without jurisdiction to try defendant on the charges of possession with intent to deliver less than fifty grams of cocaine and felony-firearm. Those convictions are therefore vacated.

Defendant does not challenge the validity of his felonious assault conviction. He argues, however, that the circuit court lacks jurisdiction to sentence him for this conviction and that he must be sen-

tenced by the probate court. We disagree. Defendant argues that no statute authorizes him to be sentenced by the circuit court. He also points to MCR 6.931, which requires that a juvenile sentencing hearing be held whenever a juvenile is convicted of a life offense after a trial. Defendant claims that because felonious assault, an offense punishable by a maximum term of four years' imprisonment, is not a life offense, MCR 6.931 negatively implies that the circuit court is without jurisdiction to sentence him. To the contrary, MCR 6.931 is a rule of procedure, not a limitation of jurisdiction. Having acquired jurisdiction over defendant with regard to the charge of assault with intent to murder, the court did not lose jurisdiction when the jury found defendant guilty of a lesser felony offense. *People v Schoeneth,* 44 Mich 489, 491; 7 NW 70 (1880) ("[i]t is not to be imagined that a court is to go through a trial on the merits of an accusation down to a verdict to find out from the latter whether it had jurisdiction to try at all"). See also *People v Carey,* 110 Mich App 187, 189-191; 312 NW2d 205 (1981). Because the circuit court had jurisdiction over defendant with regard to the charge of assault with intent to murder, it is authorized by law to sentence him for the lesser offense of which he was validly convicted. MCL 769.1(1); MSA 28.1072(1). Defendant is a juvenile, however, and the circuit court is required to conduct a hearing at sentencing to determine whether he should be sentenced as an adult or placed in a juvenile program. MCL 769.1(3); MSA 28.1072(3). Defendant's motion was properly denied.

Affirmed in part, vacated in part, and remanded.