PEOPLE v DEAN

Docket No. 143050. Submitted December 8, 1992, at Detroit. Decided
February 16, 1993, at 9:45 A.M.

Kevin R. Dean was bound over for trial in the Calhoun Circuit
Court on a charge of assault with intent to murder. Because he
was sixteen years old at the time the offense occurred, he was
bound over pursuant to the automatic waiver provision of MCL
600.606; MSA 27A.606. The defendant pleaded guilty of assault
with intent to do great bodily harm less than murder, and
moved to transfer the case to the juvenile court for sentencing
on the grounds that the offense was not one of the felonies
enumerated in the automatic waiver provision and that the
court lacked jurisdiction to sentence him. The court, Stephen B.
Miller, J., denied the motion and, following a hearing to deter-
mine whether the defendant should be sentenced as an adult or
placed in a juvenile program, sentenced him to two to ten
years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

Once a circuit court acquires jurisdiction under the auto-
matic waiver provision to try a juvenile, it does not lose
jurisdiction to sentence the defendant when he pleads guilty of
a lesser included offense not enumerated in the automatic
waiver provision. The circuit court properly conducted the
requisite hearing at sentencing to determine whether the de-
fendant should be sentenced as an adult or placed in a juvenile
program.

Affirmed.

CRIMINAL LAW — COURTS — JURISDICTION — CIRCUIT COURTS —
PROBATE COURTS — JUVENILES.

A circuit court with jurisdiction under MCL 600.606; MSA
27A.606 to try a juvenile for one of the crimes enumerated in
the statute does not lose jurisdiction to sentence where the
juvenile pleads guilty of a lesser included offense not enumer-

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
dren § 19.

See ALR Index under Courts; Criminal Law; Jurisdiction; Juvenile
Courts and Delinquent Children.

ated in the statute; the court must conduct a hearing at sentencing to determine whether the juvenile should be sentenced as an adult or placed in a juvenile program (MCL 769.1[3]; MSA 28.1072[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon R. Sahli,* Prosecuting Attorney, and *John A. Hallacy,* Chief Assistant Prosecuting Attorney, for the people.

*James B. Fleming,* for the defendant on appeal.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

BRENNAN, J. Defendant pleaded guilty of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and was sentenced to a prison term of two to ten years. He appeals as of right, and we affirm.

Defendant was originally charged with assault with intent to murder, MCL 750.83; MSA 28.278. Following a preliminary examination, defendant, who was sixteen years old at the time he committed the offense, was bound over to circuit court pursuant to the automatic waiver provision. MCL 600.606; MSA 27A.606. The automatic waiver provision is an exception to the general rule of MCL 712A.2; MSA 27.3178(598.2) that the juvenile division of the probate court has exclusive jurisdiction in proceedings concerning a child under seventeen years of age. *People v Deans,* 192 Mich App 327, 329; 480 NW2d 334 (1991). Pursuant to MCL 764.1f; MSA 28.860(6), a prosecutor may proceed in either juvenile or circuit court when a juvenile aged fifteen or sixteen is charged with any of the felonies enumerated in § 606, one of which is assault with intent to murder. *People v Brooks,*

* Circuit judge, sitting on the Court of Appeals by assignment.

184 Mich App 793, 796; 459 NW2d 313 (1990). After one of the codefendants in this case was convicted by a jury of the lesser offense of assault with intent to do great bodily harm less than murder, defendant and another codefendant were allowed to plead guilty of the lesser offense. Defendant subsequently moved to transfer the case to juvenile court for sentencing on the ground that the offense of which he pleaded guilty was not one of the enumerated felonies in the automatic waiver provision and, therefore, the circuit court did not have jurisdiction to sentence him. The circuit court disagreed, and this appeal followed.

On appeal, defendant contends that the court did not have jurisdiction to sentence him because the offense of which he pleaded guilty was not one of the enumerated felonies in the automatic waiver provision. We disagree. In *People v Deans, supra,* a panel of this Court held that once a circuit court acquires jurisdiction under the automatic waiver provision to try a juvenile, it does not lose jurisdiction to sentence the defendant when he is found guilty by a jury of a lesser included offense not enumerated in the automatic waiver provision. *Id.,* p 332. Defendant argues that a plea of guilty of a nonenumerated offense should be treated differently than a jury conviction of a nonenumerated offense. Defendant contends that a ruling that the circuit court has jurisdiction to sentence a defendant charged with an enumerated offense who pleads guilty of a nonenumerated offense would encourage overcharging by the prosecutor. We disagree. The prosecutor must present sufficient evidence of the enumerated offense at the preliminary examination to justify binding over the defendant to circuit court. Otherwise, the case must be transferred to the juvenile division of the probate court. MCL 766.14(2); MSA 28.932(2).

Moreover, we find that application of this rule to the facts of this case is consistent with the holding in *Deans* and the automatic waiver provisions, specifically, MCL 766.14(2); MSA 28.932(2), and that the circuit court's jurisdiction is not dependent upon whether a conviction of the charged enumerated offense is or can ultimately be obtained. Rather, it is dependent upon whether evidence sufficient to bind over the defendant was presented at the preliminary examination. Accordingly, we find that once a circuit court acquires jurisdiction under the automatic waiver provision to try a juvenile, it does not lose jurisdiction to sentence the defendant when he pleads guilty of a lesser included offense not enumerated in the automatic waiver provision. We note that the circuit court is nevertheless required to conduct a hearing at sentencing to determine whether the juvenile defendant should be sentenced as an adult or placed in a juvenile program pursuant to MCL 769.1(3); MSA 28.1072(3). *Deans, supra,* p 332. This was done in the instant case. Accordingly, we find that reversal is not warranted.

Affirmed.