PEOPLE v LEONARD

1. CRIMINAL LAW—CRUELTY TO CHILDREN—EVIDENCE—WEIGHT OF EVIDENCE.

A verdict of guilty of cruelty to children was not against the great weight of the evidence where the defendant and the child's mother both testified that the defendant had spanked his own two children with a belt, medical and photographic evidence showed that the spanking in this instance was more like a beating, and the defendant testified that he had spanked the child the same as he did his own children, but for a longer period of time.

2. CRIMINAL LAW—CRUELTY TO CHILDREN—EVIDENCE—PHOTOGRAPHS —PROBATIVE VALUE.

Photographs showing the extent of a beating of a child in a trial for cruelty to children were properly admitted into evidence where the photographs were not gruesome and where they were of probative value because the extent of a "spanking" administered by the defendant was strongly contested.

3. CRIMINAL LAW—STATUTES—CRUELTY TO CHILDREN—CONSTITUTIONAL LAW—EQUAL PROTECTION—CUSTODIANSHIP.

A statute which provides for the posting of bond in exchange for a suspended sentence for a person convicted of cruelty to children and which creates classifications based upon permanent versus temporary custodianship of a child is rational, reasonable, and is constitutional (MCLA 750.136; MSA 28.331).

4. CRIMINAL LAW—EVIDENCE—STATEMENTS OF DEFENDANT—WALKER HEARING—WITNESSES—REVERSIBLE ERROR.

It is error for a trial court to refuse to hold a *Walker* hearing to determine the admissability of statements made by a defendant where the defendant moves for such a hearing before trial; however, a trial court's refusal to hold a hearing which was

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence §§ 1080–1090.
[2] 30 Am Jur 2d, Evidence § 1105.
[3] [No reference]
[4] 5 Am Jur 2d, Appeal and Error § 800.

requested on the day before trial was not reversible error where testimony of police witnesses regarding the defendant's statements was merely cumulative of the defendant's testimony, the police testimony was brief, did not refer to defendant's statements as confessions, the witnesses were cautioned not to mention statements by a former codefendant, and the defendant's testimony elaborated upon the statements testified to by the witnesses.

Appeal from Livingston, Bert M. Hensick, J. Submitted January 10, 1978, at Lansing. (Docket No. 77-1322.) Decided January 30, 1978.

Gary G. Leonard was convicted of cruelty to children. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank R. DelVero,* Prosecuting Attorney (by *Mark I. Leach,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*David M. Hartsook,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. BOYLE,* JJ.

PER CURIAM. Defendant was convicted by a jury of cruelty to children, MCLA 750.136; MSA 28.331. He appeals and we affirm.

Defendant raises four issues, which we deal with *seriatim.*

Defendant phrases his first argument in terms of sufficiency of the evidence, but argues it in terms of weight of the evidence.

The evidence clearly meets the sufficiency test. As for the weight of the evidence, defendant admitted spanking the three-year-old child he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

babysitting for, but suggests that the child's mother may have herself administered the beating which resulted in severe bruises, after she had returned home with the child. There wasn't any testimony that the mother had administered any beating. Although both defendant and the mother testified that the mother had seen defendant spank his own children with a belt and had told defendant to spank her child if the child behaved badly, medical and photographic evidence in the present case showed that the spanking was more like a beating. Defendant testified that he had spanked the child the same as his own children, except for a longer period of time. The beating itself may bespeak the intent, see *People v Green,* 155 Mich 524, 533; 119 NW 1087, 1090 (1909). The verdict of guilty was not against the great weight of the evidence.

Defendant's second argument is that the photographs of the child's injuries were erroneously admitted, because the photographs were gruesome and there was no dispute that the child was spanked, spanked on the buttocks, and spanked with a belt.

The photographs, while showing the extent of a rather severe beating, were not gruesome. They were of probative value because the extent of the spanking administered by defendant was strongly contested.

Third, defendant argues that the statute violates constitutional rights of due process and equal protection under the law. The argument is essentially one of equal protection, and is based on the following language:

"* * * Provided, however, If, after such conviction and before sentence, in case the child has not been deformed or maimed, he or she shall appear before the

clerk of the court in which said conviction shall have taken place, and with good and sufficient surety, to be approved by said clerk enter into bond to the people of the state of Michigan in the penal sum of $1,000.00 conditioned that he or she will furnish such child or children with necessary and proper home, care, food, shelter, protection and clothing, the said court may suspend sentence therein. * * * ." MCLA 750.136; MSA 28.331.

Before the trial court, defendant argued that the statute created unconstitutional classifications based on wealth and on permanent versus temporary custodians, and also argued that defendant did not have the $1,000 in order to post bond. On appeal defendant does not argue the wealth classification. It is questionable whether defendant has standing to argue the custodian issue on appeal since on the record he would have been unable to post the bond in any case. However, dealing with the issue on the merits, we find that the classification based on type of custodianship is rational and reasonable and is constitutional.

The last issue is based upon the trial court's denial of a motion, made the day before trial, for a Walker[1] hearing on the admissibility of statements made by defendant. The trial court based its ruling on the untimeliness of defendant's motion. The trial court erred because such a hearing must be held if the defendant moves for it before trial, *People v Childers,* 20 Mich App 639, 646; 174 NW2d 565, 569 (1969). *Childers* applies to involuntary confession cases, see *People v Mitchell,* 44 Mich App 679, 683; 205 NW2d 876, 878 (1973).

However, just as in *Childers,* the error was not a reversible error. The testimony of the police wit-

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

nesses regarding the statements did not contradict, and was merely cumulative of, defendant's own testimony. We also note that the police testimony as to the contents of the statements was brief, the statements were never referred to as confessions, the trial court cautioned the witnesses about even mentioning statements by defendant's wife (a former codefendant), and defendant's testimony elaborated upon the statements testified to by the witnesses.

Affirmed.