PEOPLE v LITTLEJOHN

Docket No. 126350. Submitted May 21, 1992, at Detroit. Decided December 7, 1992, at 9:25 A.M.

Anthony Littlejohn, a juvenile, was convicted by a jury in the Detroit Recorder's Court, Michael J. Talbot, J., of two counts of assault with intent to do great bodily harm less than murder and one count of possession of a firearm during the commission of a felony. He was sentenced to five to ten years' imprisonment for the assaults and to a consecutive term of two years' imprisonment for felony-firearm. He appealed.

The Court of Appeals held:

1. The trial court erred in denying a pretrial motion for a hearing pursuant to People v Walker (On Rehearing), 374 Mich 331 (1965), to determine the voluntariness of a confession made by the defendant to the police. The error does not require reversal, however, because the record indicates that the defendant voluntarily gave the statement and that the police did not engage in any misconduct.

2. The conviction and sentence for felony-firearm must be vacated because the trial court lacked jurisdiction of the defendant with respect to that offense. Felony-firearm is not among the felonies enumerated in MCL 600.606; MSA 27A.606 for which the probate court's jurisdiction may be waived automatically.

3. The defendant's sentence for the assault convictions, which exceeded the recommendation under the sentencing guidelines, was imposed before People v Milbourn, 435 Mich 630 (1990), was decided. The resolution of the defendant's challenge of that sentence as excessive requires remand to afford the defendant an opportunity to address the trial court with regard to sentence proportionality and to allow the trial court to consider the factors discussed in Milbourn, including the lack of a criminal record by the defendant. If the trial court determines

REFERENCES

Am Jur 2d, Evidence § 529; Juvenile Courts and Delinquent and Dependent Children § 19.

See the ALR Index under Confessions and Admissions; Juvenile Courts and Delinquent Children.

that resentencing is appropriate, it must obtain the defendant's presence for that purpose. If the trial court determines otherwise, it need only supplement the record to indicate consideration of *Milbourn.*

Affirmed in part, reversed in part, and remanded for further proceedings.

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS.
    Denial of a pretrial motion for a hearing to determine the voluntariness of a defendant's confession does not require reversal of the defendant's conviction where the record indicates that the confession was voluntarily made and the police did not engage in any misconduct in obtaining the confession.

2. CRIMINAL LAW — FELONY-FIREARM — JUVENILES — WAIVER OF PROBATE COURT JURISDICTION.
    Possession of a firearm during the commission of a felony is not among the felonies for which the probate court's jurisdiction over a juvenile offender may be waived automatically (MCL 600.606; MSA 27A.606).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

*Sean M. Taylor,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and MacKENZIE and BRENNAN, JJ.

MICHAEL J. KELLY, P.J. Following a jury trial, defendant Anthony Littlejohn was convicted of two counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to five to ten years for the two assault convictions and to the mandatory two-year consecutive sentence for the

felony-firearm conviction. He appeals as of right. We affirm in part, reverse in part, and remand for further proceedings.

Defendant first argues that his conviction should be reversed and remanded to the trial court for a *Walker*[1] hearing because the court allegedly denied defense counsel's pretrial request to hold such a hearing. Denial of a pretrial motion for a *Walker* hearing constitutes error. *People v Leonard*, 81 Mich App 86, 89; 264 NW2d 130 (1978). In the present case, the trial court did hold a *Walker* hearing and suppressed a portion of defendant's first statement because the police did not scrupulously honor defendant's invocation of his right to remain silent. However, the court terminated the hearing without addressing the voluntariness of a second statement made by defendant, finding that defense counsel was "fishing" and had abandoned the issue by refusing to state the grounds for the motion. A pretrial motion must state with particularity the grounds and authority on which it is based. MCR 2.119(A)(1)(b).

After reviewing the transcript of the October 11 pretrial hearing during which the trial court heard defense counsel's arguments in support of the motion for a *Walker* hearing to determine the voluntariness of defendant's second statement, we find that counsel did not offer any facts to support the challenge of voluntariness, nor did she accept the court's suggestion to have defendant testify. The court concluded that "by any logic it's an abandonment of the question at this point," and thereafter terminated the hearing. We find that the trial court erred in failing to accord defendant a full *Walker* hearing, but that the error does not require reversal. The record clearly indicates ap-

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331, 338; 132 NW2d 87 (1965).

propriate conduct by the police. The record indicates that defendant's second statement was taken after defendant independently initiated contact with Officer Blackburn and asked to talk to detectives. Detective Anchor, who took the statement, reminded defendant that he had been given his rights and asked whether he still understood them. Defendant answered in the affirmative. He also asserted that he was making the statement of his own free will. Although at trial defendant testified that he confessed because Tony Doris told him to do so, he did not contest making the statement, nor does he dispute its voluntariness. We find no evidence in the record of illegal conduct by the police. The police are not required to read *Miranda*[2] rights every time a defendant is questioned. *People v Godboldo,* 158 Mich App 603, 605; 405 NW2d 114 (1986). We hold that although the trial court erred in denying the pretrial motion for a full *Walker* hearing, the confession that was challenged was voluntarily given, and therefore, the error does not require reversal.

Defendant next claims that because felony-firearm is not one of the crimes enumerated in MCL 600.606; MSA 27A.606, the automatic waiver of the probate court's jurisdiction was invalid and the circuit court had no jurisdiction over him with respect to that offense. We are bound by the holding of *People v Deans,* 192 Mich App 327, 330-331; 480 NW2d 334 (1991). Accordingly, we vacate the defendant's conviction and sentence for felony-firearm.

Finally, defendant contends that his sentence of five to ten years is excessive because the guidelines recommended twelve to thirty-six months in prison. Because this sentence was handed down

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 76 L Ed 2d 644 (1966).

before the Supreme Court's decision in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), the defendant should have the opportunity to address the trial court with regard to *Milbourn* proportionality considerations. This is particularly so with regard to a sentencing wherein the trial court's participation could be interpreted as critical. The justification for departure announced by the trial court seemed to hinge on the type of weapon and the fact that the victims were police officers. No account was taken of defendant's lack of a prior record. Because we do not determine that the sentence is invalid, we remand to the circuit court to determine, after consideration in light of *Milbourn*, whether resentencing is appropriate. If the trial court determines that resentencing is appropriate it shall then obtain the defendant's presence for that purpose. If it determines that resentencing is not appropriate, its order shall reflect its consideration of the *Milbourn* factors, particularly defendant's lack of a criminal record. *Milbourn, supra* at 668. The authority for this remand is contained in *People v Martin*, 440 Mich 868; — NW2d — (1992), and *People v Herron*, 440 Mich 868; — NW2d — (1992).

Affirmed in part, reversed in part, and remanded for proceedings in accordance herewith. We retain jurisdiction.